————O————

HUGH McKITTRICK, Appellant, *vs.* JAMES B. CLEMENS, *et al.*, Respondent.

1. *Practice, civil—Garnishment—Construcion of statute—Third parties interested.*—The provision of the statute (Revised Laws 1855, p. 260,) that, if the garnishee show in his answer and declare his belief, that the debt owing by him to defendant or the supposed property in his hands has been sold or assigned to a third party, and the plaintiff disputes such fact, the court shall make an order upon the supposed vendee or assignee to appear and sustain his claim, is directory.

*Appeal from St. Louis Circuit Court.*

*M. L. Gray*, for Appellant.

The defense unsupported by an actual claim set up by Barlow himself, is no defense. (30 Mo., 258; G. S., 574, §; 9, 569, § 52.)

*Glover & Shepley*, for Respondent.

Cutter recovered the damages as trustee for Barlow. (Van Rensellaer vs. Owen, 48 Barb., S. C., 61.)

If the plaintiff objected to this defense, the answer of the garnishee should have excepted to as insufficient.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff, in March, 1865, recovered a judgment against Norman Cutter in the St. Louis Circuit Court for six thousand five hundred dollars, and afterwards in 1865, the defendants were garnisheed as debtors of said Norman Cutter upon an execution issued upon this judgment. Interrogatories were filed touching their indebtedness and duly answered, and issues joined presenting the question for our determination.

The facts are, that Norman Cutter, in 1846, commenced an action of ejectment in the St. Louis Circuit Court against the defendants for what is known as the Lirette arpent which resulted in a judgment in favor of Cutter in February, 1865, for possession of the land and for $27,500.00 as damages for rents and profits. After the commencement of this ejectment and during its pendency, that is to say, from 1852 to 1854, the said Cutter made several conveyances of parts of his interest in the land sued for, and finally conveyed away all of his interest, and when he executed the last conveyance, he entered into an agreement with the grantee of the same date of the last conveyance, in which the following stipulations are contained concerning the then pending ejectment, "That the said Norman Cutter agrees in consideration of the agreements of the said Barlow hereinafter mentioned, to devote himself in every way in his power to the preparation for all trials and arguments, both on the law and the facts of the case of Norman Cutter vs. William Waddingham and others, now pending in the St. Louis Circuit Court of Missouri for the recovery of the Lirette arpent, and of any and all appeals and writs of error in said suit, and to the securing of witnesses and the procuring of their testimony in said case, and also to aid and assist the counsel of said Barlow in the preparation of briefs in said case, and in every way he can to furnish to him, his attorney and counsel

11—VOL. LII.

all books, papers, documents and information which he can furnish and procure by the exercise of all possible diligence to aid in the recovery therein and generally by all means in his power to use his best exertions to secure the success of said Barlow, his heirs or assigns, for whose benefit said suit is now being prosecuted. Said Cutter further agrees that he will at all times allow the said Barlow to control the said suit and if in the opinion of the counsel it shall be desirable to have said Barlow substituted in place of said Cutter as plaintiff the same may be done, &c., &c."

The Circuit Court gave judgment in favor of the garnishees, from which the plaintiff appealed to General Term where the judgment at special term was affirmed, and plaintiff has brought the case here by appeal.

The only point necessary for us to consider grows out of the instructions asked by the plaintiff and refused by the court. The plaintiff claimed by his pleadings that all of the rents and profits of the Lirette arpent, up to the time of Cutter's conveyance to and agreement with Barlow, were retained by Cutter and were not in any manner affected by such conveyance and agreement, and that up to that time the damages by way of rents and profits amounted to $14,000.00. The garnishees on their part deny that this is the proper construction of the deeds and agreements, and so the pleadings and the refused instructions present this as the main point to be determined.

If there had been no suit pending for the recovery of the Lirette arpent, when Cutter made his conveyances, there might be some room for the construction that the accrued damages were not transferred. But as there was a pending suit and the subject matter of such suit was wholly conveyed with the knowledge that the assignee might at any time be substituted as plaintiff in the suit, it strikes me that the only inference to be properly drawn was that the incidents attached to the subject matter, such as the damages claimed, passed by the conveyance to the grantee. This construction, however, is not left to mere inference. It is fully maintained by the language of the agreement with Barlow which was made at the same

time with the conveyance, and taken together these papers clearly show that Cutter did not intend to retain and did not retain any interest in the damages to be recovered in that suit, and from the time of the execution of that conveyance and agreement he became a trustee of an express trust for the sole benefit of Barlow.

Under this view the money due from the defendants on the Cutter judgment was a trust fund belonging to Barlow as the real beneficiary, and could not be applied by garnishment to the payment of the plaintiff's judgment against Cutter. Under section seventy-seven of the attachment law of 1855 under which this proceeding was commenced (1 Revised Laws, 1855, page 260,) it is provided that, " If the garnishee disclose in his answer and declare his belief that the debt owing by him to the defendant or the supposed property in his hands has been sold or assigned to a third person, and the plaintiff contests or disputes the existence, force or validity of such sale or assignment, the court shall make an order upon the supposed vendee or assignee to appear at a designated time and sustain his claim to the designated property or debt, &c., &c."

This section of the statute in my judgment is directory and is intended for the benefit of all parties, the plaintiff, garnishee and claimant. If the claimant be notified and does not appear and interplead, the garnishees averment of such sale or assignment must be disregarded, and a judgment rendered after such notice will be a complete protection to the garnishee.

The court proceeded to hear and determine the garnishment in this case without regard to the provisions of this section, and neither party claimed its protection or benefits, nor was the question raised as to the validity of the deed and assignment to Barlow. The pleadings admit their validity and force and the only question presented is as to their proper construction. But if it be conceded that the force and extent of the transfer were involved, the court undoubtedly had the right under the pleadings to pronounce upon them, in the absence of the claimant, as neither party had demanded that he should be brought before the court. Whether a judgment in

this proceeding adverse to the claimant would have bound him is not a question now before the court and need not be passed on.

Upon the whole record we think the judgment was for the right party. Judgment affirmed. The other Judges concur.