GEORGE SWARTZ, Respondent, v. G. H. RINER, Garnishee, Appellant.

Kansas City Court of Appeals, May 4, 1896.

1. **Garnishment:** PLEADINGS: ISSUES. Between a plaintiff and a garnishee the issues are made up by the plaintiff's denial to the garnishee's answer and the garnishee's reply to that denial; and where the answer of a garnishee admits an indebtedness and sets up an offset thereto and the plaintiff's denial denies the offset and the garnishee files no reply, judgment may go on the answer.

2. ———: ———: DENIAL. Where the plaintiff's denial to the garnishee's answer is inartistically drawn, objection should be taken by proper motion or the defect will be cured.

3. ———: JUDGMENT: INTERPLEA. Where the garnishee's answer discloses another claimant for the effects in his hands, when that claimant is summoned and makes his appearance but fails to interplead, judgment will go against the garnishee and will be a protection to him.

4. ———: EXCESSIVE JUDGMENT: PRESUMPTION. There is nothing in this case to show the judgment was excessive or to rebut the presumption in favor of the judgment. ·

*Appeal  from  the  Jackson  Circuit  Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

· *Downs, Morrin & Barnes* for appellant.

(1)· The proper amount which plaintiff ought to have recovered was his debt against the defendant

which was $451.52 and interest and costs of his suit; and not $617 which the garnishee owed the defendant. The summons and judgment show this error. (2) The plaintiff should state his case in the denial. If it does not state facts sufficient to constitute a cause of action, it will not support a judgment. The issue between a plaintiff and a garnishee can not be raised by a general denial by plaintiff of the answer of the garnishee. 1 R. S. 1889, sec. 5234. The court must look to plaintiff's denial for statement of his cause of action against the garnishee. *Brown & Ham v. Gummersell*, 30 Mo. App. 341; *Bunker v. Hibler*, 49 Mo. App. 536; *Bank v. Dillon*, 75 Mo. 380. (3) The interplea of Carpenter & Flournoy was not disposed of and it is not proper to render a judgment in favor of plaintiff until the interplea is decided, as it might make him liable to pay twice. 2 R. S. 1889, sec. 5226.

*Colvin & Colvin, Henry Wollman*, and *Alexander New* for respondent.

(1) Plaintiff filed no "denial" and was not required to file one, as we shall show, but if this reply be considered as appellant desires it to be, as a "denial," it completely states a cause of action, for it states, in specific words, that at the time of the service of the garnishment the garnishee was indebted to the defendant in the sum of $617, as admitted in garnishee's answer. That was the allegation of an absolute cause of action. *Buck v. Railroad*, 46 Mo. App. 561; *Hartford v. Boyes*, 56 Mo. App. 139; *Vanstone v. Goodwin*, 42 Mo. App. 39; *Knox County v. Brown*, 103 Mo. 223; *Bank v. Leyser*, 116 Mo. 51; *Bank v. Scalzo*, 127 Mo. 189; *See v. Ins. Co.*, 60 Mo. App. 518; *Alter v. Frick*, 62 Mo. App. 453; *Bunker v. Hibler*, 49 Mo. App. 544. (2) The appellant contends that the record

shows that the judgment was excessive. This is not true. It must be assumed that the court's computation was correct. *Halsey v. Meinrath*, 54 Mo. App. 342; *Sweet v. Maupin*, 65 Mo. 72; *Orr v. Rode*, 101 Mo. 387; *Witte v. Quinn*, 38 Mo. App. 681. The fourth point made by the appellant is that a judgment against the garnishee rendered before the interplea of Carpenter & Flournoy was disposed of would be so void on the face of it, that it could be attacked, without a bill of exceptions, on the record, but cites no authorities to substantiate that position. If there ever was such an interplea filed, this record does not disclose it.

SMITH, P. J.—This is a proceeding by garnishment. The grounds of the garnishee's appeal are these: *First.* That the plaintiff's denial is insufficient to constitute a cause of action. *Second.* That the judgment against the garnishee was rendered before the interplea was disposed of. *Third.* That the judgment is excessive.

Referring to the first of these propositions, it is proper to state that the answer of the garnishee contained what was tantamount to an admission of an indebtedness to the defendant in the attachment, in the sum of $617, for goods, wares, and merchandise, sold by the latter to the former. The answer set up a counter-claim against defendant for $391. The denial of the plaintiff was, in substance, that the garnishee was, at the time of the service of the garnishment, indebted to the defendant in the sum of $617, as admitted by the answer of said garnishee. There was also a general denial of the other allegations of the answer, supplemented with a demand for judgment against the garnishee for the sum of $451.52, the amount of the judgment of plaintiff against defendant in the attach-

ment, with interest from the date of the rendition of the said judgment, together with costs, etc.

Section 5237, Revised Statutes, provides that if, by the answer of the garnishee, not denied or excepted to, it shall appear that he is possessed of property or effects of the defendant, or is indebted to the defendant, the proceedings and judgment shall be the same as provided in section 5233; but it is further provided in section 5234 that, if the answer be denied, the denial shall contain specially the grounds upon which a recovery is sought against the garnishee, and the garnishee shall be entitled to a reply and the issue or issues made up on the denial and reply shall be the sole issue or issues tried, and the issue or issues shall be tried as ordinary issues between plaintiff and defendant. The same section also provides that the answer of the garnishee may be denied in whole or in part.

In *McCause v. McClure*, 38 Mo. 411, it was said that if the garnishee in his answer does not admit the indebtedness, the garnishing creditor must, by denial, raise a triable issue. And in *Brown v. Gummersell*, 30 Mo. App. 341, it is said that the issue is not raised by the interrogatories and the answer of the garnishee, but by the denial and the reply thereto. The denial of the answer stands in place of the petition of the plaintiff in an ordinary action at law. *Bank v. Dillon*, 75 Mo. 380. In the present case we have an answer admitting indebtedness, which, as to that admission, is neither denied nor excepted to. Then we have in the denial by the plaintiff creditor, an allegation of the only facts that are admitted in the answer of the garnishee accompanied with a demand for judgment. The garnishee did not reply to the denial of the plaintiff, so that, as the pleadings stood, the plaintiff was clearly entitled to judgment. If the garnishee had desired to interpose any defense against the claim of indebtedness

by him to the defendant, as alleged in the plaintiff's denial, he should have replied, setting up the same and in that way tendered a triable issue.

The allegations of the denial, coupled with the reference to the answer of the garnishee, were ample to advise the latter of the grounds upon which the plaintiff sought a recovery against him. The garnishee could not claim any surprise on that account: The allegations in the denial of the indebtedness of the garnishee, when considered in connection with the particulars of that indebtedness, as stated in the garnishee's answer, to which reference was made in the denial, while not in accord with the technical rules of pleading, yet, we think, stated a cause of action sufficient to uphold the judgment. If the facts thus set forth in the denial were inartistically pleaded, the garnishee should, at the proper time and in the proper way, have interposed his objections thereto, but having failed to do so, he is now concluded by the judgment.

In respect to the second ground of appeal, it is to be observed that it appears by the record that, upon the disclosure of the answer that there was a third party who claimed the subject of the garnishment, an order was made by the court directing that such third party be required to appear and interplead in the proceeding. Accordingly, at a succeeding term of the court, the claimants named in the answer and notice entered their appearance, but failed and neglected to interplead or take any further steps in the case. Later on there was judgment rendered against the garnishee. The garnishee was no more than a stakeholder and was interested between the claimant and the plaintiff only to see that the former was properly interpleaded and summoned and himself thus insured from double liability. Rood on Garnishment, sec. 345. The claim-

ants, after being notified, having failed to interplead, the allegation of the answer of the garnishee, in respect to the claim of the former to the impounded fund, was properly disregarded by the court and the judgment thereafter rendered was a complete protection to the garnishee. *McKittrick v. Clemens*, 52 Mo. 160. It results, therefore, that the garnishee's second ground of appeal is destitute of merit. And as to the third and last ground of the appeal, it is sufficient to say that there is nothing appearing in the record before us to rebut and overcome the presumption which we must indulge in favor of the judgment. We may presume, for aught that appears in the record, that the amount of the judgment in the attachment and the interest that had accrued thereon, with the costs adjudged in the attachment, in favor of plaintiff, was equal to or exceeded that of the judgment against the garnishee, and therefore we can not declare the judgment against the garnishee to be excessive. It does not anywhere appear that the judgment against the garnishee is in excess of the amount authorized by the denial of the plaintiff.

The judgment will accordingly be affirmed. All concur.