E. D. HENDRICKSON, Plaintiff in Error, v. TRENTON NATIONAL
BANK, Defendant in Error.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Garnishment:** ASSIGNMENT OF CHOSE IN ACTION: RIGHTS OF
ASSIGNEE. The owner of a chose in action may assign the same
and when the debtor is garnished such assignee's rights will
prevail over the rights of the plaintiff in the garnishment; and this,
whether the assignee has given notice to the debtor or not.

2. **Justices' Courts:** REGULARITY OF PROCEEDINGS: APPEARANCE.
Technical accuracy is not to be always expected in proceedings
before justices, and parties appearing and litigating their claims
may not question irregularities in bringing them into court.

Error to the Grundy Circuit Court.—*Hon. P. C. Stepp,*
Judge.

AFFIRMED.

*S. C. Price* for plaintiff.

(1) A justice court is a court of limited jurisdiction,
and is confined strictly to the authority given; and the record
of such court must show every fact necessary to give juris-
diction both of the subject-matter and the parties. State v.
Metzger, 26 Mo. 65; Hansberger v. Railroad, 43 Mo. 196;
Edmondson v. Kite, 43 Mo. 176; Schell v. Leland, 45 Mo.
289; Iba v. Railroad, 45 Mo. 469; Fisher v. Davis, 27 Mo.
App. 321; Allen v. Scharringhausen, 8 Mo. App. 229; Gid-
eon v. Hughes, 21 Mo. App. 528; Loomis v. Railroad, 17

Mo. App. 340; Olin v. Zeigler, 46 Mo. App. 193; Cunningham v. Railroad, 61 Mo. 33; McQuoid v. Lamb, 19 Mo. App. 153; Kellogg v. Linger, 60 Mo. App. 571; Robbins v. Conley, 47 Mo. App. 502; Martin v. Chauvin, 7 Mo. 277; Sykes v. Ins. Co., 7 Mo. 477. (2) If such jurisdiction does not appear on the face of the proceedings, their acts are void. Haggard v. Railroad, 63 Mo. 302; Fisher v. Davis, 27 Mo. App. 321; R. S. 1889, sec. 5242; Woods v. Boots, 60 Mo. 546; Railroad v. Campbell, 62 Mo. 585; Ells v. Railroad, 51 Mo. 100. (3) The giving of the order to the Trenton National Bank by McDaniel for $235, did not operate, in law, as an assignment to the bank of the debt in the hands of the drawee due, or to become due, to McDaniel. Taylor v. Newman, 77 Mo. 263. (4) The drawing of the order did not, in the absence of an acceptance of it by the drawee, transfer the debt in the hands of the committee to the bank. Bank v. Bogy, 9 Mo. App. 337; Chase v. Alexander, 6 Mo. App. 510; Kimball v. Donald, 20 Mo. 577; Trust Co. v. Rogers, 60 Minn. 208; s. c., 51 Am. St. Rep. 526; Shinn on Garnishment, p. 691, note; pp. 960, 961; Wilson v. Carson, 12 Md. 54; Bank v. Bank, 58 Mo. App. 26; Dickinson v. Coates, 79 Mo. 250; Ford v. Angelrodt, 37 Mo. 50; Bank v. Coates, 79 Mo. 168; Coates v. Doran, 83 Mo. 337; Harmon v. Menke, 73 Mo. App. 635; Hicks v. Martin, 25 Mo. App. 359; McCann v. Sawyer, 59 Mo. App. 480.

*Hugh C. Smith* for defendant in error.

(1) The garnishee's answer amply discloses the fact of the assignment of the debt garnished. It is this fact alone that makes it necessary for this court to pass upon the case. R. S. 1889, sec. 5242. (2) The parties interested were before the justice in conformity with section 5242, consenting to his adjudication of their respective rights. Each of said acts was a waiver of any objections to the jurisdiction of the

justice over claimant and the cases cited by plaintiff, being all cases holding that the parties can not waive jurisdiction of the subject-matter, announce no doctrine contrary to the contention of defendant in error. Blackmore v. Cowan, 11 E. A. 589; Estate of Williams, 62 Mo. App. 339; Horton v. Toeneboehn, 68 Mo. App. 42; Bohn v. Devlin, 28 Mo. 319; Baisley v. Baisley, 113 Mo. 544; Griffin v. Van Meter, 53 Mo. 430; Doggett v. Ins. Co., 19 Mo. 201-203. Section 5242, formerly sec. 2551, R. S. 1879, is directory merely. Groschke v. Bardenheimer, 15 Mo. App. 353, 359. (3) The order was for all of a particular fund specified therein. It was not necessary that it be accepted, notice even after garnishment was sufficient. An acceptance is only necessary where the order is for part of a fund. Then only when objection is made thereto by the debtor. The garnishee had notice of the assignment prior to the service of the garnishment. This was sufficient. It matters not that the order was not or would not have been accepted. Dickinson v. Coates, 79 Mo. 250; Johnson Co. v. Bryson, 27 Mo. App. 341-350; Knapp v. Standley, 45 Mo. App. 264; Smith v. Sterritt, 24 Mo. 260-262. No formal assignment of an account is necessary. Any act showing an intent to transfer the party's interest is sufficient. The order by McDaniel for $235 balance due on contract, being for all of a specified fund, without acceptance, operated in law as an assignment. Smith v. Sterritt, 24 Mo. 260-262; Boyer v. Hamilton, 21 Mo. App. 520-524; Dickinson v. Coates, 79 Mo. 250-252; Kuhn v. Schwartz, 33 Mo. App. 610-615; Roeder v. Shryock, 61 Mo. App. 485-488-490; Hatten v. Randall, 48 Mo. App. 203-207; Macklin v. Kinealy, 141 Mo. 113-122; Walker v. Mauro, 18 Mo. 564, 565; 2 Am. and Eng. Ency. of Law [2 Ed.], pp. 1055, 1056. And the fact that the assignment was described in the answer of the garnishee as an order is immaterial. Ashby v. Watson, 9 Mo. 236, 237.

GILL, J.—Hendrickson recovered a judgment against McDaniels before a justice of the peace, and under an execution thereon had Collier, treasurer of an Odd Fellows' society, served with a notice of garnishment. Collier answered interrogatories, admitting that at the date of garnishment he as treasurer owned McDaniels a balance of $160, but that prior to the service of garnishment Cook, cashier of the Trenton National Bank, had informed him (Collier) that he (said cashier) had an order from McDaniels for whatever balance was coming to the latter—then supposed to be $235. The Trenton bank had taken this assignment from McDaniels to secure a claim it held against him. Thereupon, under an order from the justice, the Trenton National Bank came into court and filed its claim to the fund, and upon an issue being made and tried before the justice said claimant was successful. Plaintiff Hendrickson appealed to the circuit court, where a trial was had before the court, sitting as a jury, and resulted in the court awarding to the claimant, Trenton Bank, $146.46—which was sufficient to cover the amount of its claim against McDaniels—and the balance of about $14 was paid to plaintiff. From this judgment plaintiff has appealed.

I. On the merits of this case the sole question is, who had the better title to the money which Collier, treasurer of the Odd Fellows' lodge, owed McDaniels. Plaintiff's right is based on the garnishment process sued out from his judgment against McDaniels, while the Trenton Bank rests its claim upon the order or assignment made to it before service of the writ of garnishment. The trial court held the superior right to belong to the bank, and in our opinion this decision was clearly right. The claim or account which the debtor McDaniels had against Collier, the lodge treasurer, was a mere chose in action and which he had a right to, and in fact did assign to the bank as a payment or security of the claim it held. This assignment was made prior to the gar-

nishment and must therefore be treated as carrying a superior right to the assignee. By virtue of the garnishment the plaintiff has no better right than McDaniels had—he stands in McDaniel's shoes. And since then the assignment was good as to McDaniels it is likewise as to the plaintiff. There was no need of notice even to Collier as to the assignment— though it was given, and that, too, before service of garnishment. Smith v. Sterritt, 24 Mo. 260; Knapp, Stout & Co. v. Standley, 45 Mo. App. 264.

In the first cited case it was held, that an assignee of an account, assigned for value previous to a garnishment by virtue of an execution against the assignor, has a superior right to the plaintiff in the execution, although the assignee may not have given notice of the assignment previous to the garnishment.

II.   The other technical objections relating to the proceedings by which the claimant was brought into court have been examined and found wholly without merit. Technical accuracy is not always to be found or expected in proceedings before justices of the peace. If they fairly and substantially comply with the law it is sufficient. The parties to this controversy have appeared in court and fairly litigated their respective claims; the facts disclosed by the record make a clear and meritorious case for the claimant bank, and we can discover no reason, substantial or otherwise, for disturbing the judgment, which will therefore be affirmed. All concur.