R. E. KIERNAN, Jr., Defendant in Error, v. IKE ROBERTSON, Sr., Defendant; W. H. ALEXANDER, Garnishee, Plaintiff in Error.

Kansas City Court of Appeals, February 5. 1906.

1. GARNISHMENT: Sufficiency of Denial: Law and Fact.  A denial to garnishee's answer averred that on the seventeenth etc., garnishee had in his possession and under his control fifty-seven dollars coming to and due the defendant when garnishment was served; *Held*, the averment was sufficient, advised the garnishee what he had to meet and was not a conclusion of law but the statement of a fact.

3. ———: Denial: Administrator.  After an order of distribution the administrator may be sued for the amount due the distributee on his bond or individually, and the judgment creditor of the distributee may treat him as an ordinary debtor of the defendant and is not required to proceed against him as administrator.

4. ———: Evidence: Distribution.  While the court record is the best evidence of an order of distribution, but the garnishee admits the order and bases his defense upon its existence, the want of formal proof is cured.

Error to Randolph Circuit Court.—*Hon. Alex. H. Waller,* Judge.

AFFIRMED.

*Jno. N. Hamilton* for plaintiff in error.

(1) The denial stands in the place of the petition in an ordinary action, and must contain all the requisites of a petition. Stevenson v. McFarland, 162 Mo. 159, 168; McPherson v. Railroad, 66 Mo. 103, 111; Provenchere v. Reifess, 62 Mo. App. 50; R. S. 1899, sec. 3451. (2) The denial must contain all the averments, and must state all the facts, which would be essential to a good petition by the defendant in an action against the garnishee. See cases cited above; also Holker v. Hennessey, 141 Mo. 527, 535; Brown v. Cape Girardeau, 90 Mo. 377, 383; Hax v. Cement Co., 82 Mo. App. 447, 451. (3) The denial of the plaintiff to the answer of the garnishee in this case does not state facts sufficient to constitute a cause of action. It states only a conclusion of law. 4 Enc. of Plead. and Prac., p. 612; 12 Id., pp. 1021, 1024 and 1042; Pier v. Heinrichoffen, 52 Mo. 333, 336; Knapp v. St. Louis, 156 Mo. 343, 353; Bank v. Tiger Tail M. & L. Co., 152 Mo. 145, 157; Chem. Works v. Nemnick, 169 Mo. 388, 397; Brown v. Gummersell, 30 Mo. App. 341, 345; McKyring v. Bull, 16 N. Y. 297, 303; Lienan v. Lincoln, 2 Duer. 670; Pelton v. Bemis, 44 Oh. St. 51, 58; Wells v. McPike, 21 Cal. 215; Doyle v. Ins. Co., 44 Cal. 264, 268. (4) Since the denial does not show a right of action in the defendant against the garnishee, the judgment herein is no protection to the garnishee, and the garnishee could not plead it in bar to an action by the defendant. For the denial must show a liability on the part of the garnishee to the execution defendant. Funkhouser v. Eveland, 3 Mo. App. 602; McPherson v. Railroad, 66 Mo. 103; Provenchere v. Reifess, 62 Mo. App. 50; Hauptman v. Whittle, 85 Mo. App.

188, 191; Belshe v. Lamp, 91 Mo. App. 477. (5) The demurrers to the evidence, both that offered at the close of the plaintiff's case and that offered at the close of the whole case, should have been granted, and were improperly overruled. (6) The court below erred in admitting in evidence the final settlement and the petition for an order of distribution, since there was nothing in the pleadings to warrant their introduction.

*Joella Ellington* and *Aubrey Hammett* for defendant in error.

(1) None of plaintiff's authorities on the sufficiency of the denial are in point. The case cited, 62 Mo. App. 50, being on question of agency, 82 Mo. App. 447, on assignment of wages consideration evidenced by note, 30 Mo. App. 341, being the only garnishment case cited, in which the denial was simply a general denial of garnishee's answer without stating any grounds for recovery, 3 Mo. App. 602, is an action for damages, 85 Mo. App. 188, a justice case without service, 91 Mo. App. 477, justice case on point of jurisdiction, 152 Mo. App. 145, case in trover, 50 Mo. App. 332, suit on contract, 154 Mo. 204, suit over a sale, contract. (2) Denial was sufficient; certainly so when considered together with the reply of garnishee, return of sheriff and other pleadings in the case. Swartz v. Riner, 66 Mo. App. 476, and cases cited. Denial was sufficient because it stated the only substantive fact, i. e. that garnishee as stakeholder held the stake. 126 Mo. 81; 149 Mo. 143, 146; 46 Mo. 47. (3). In any event it is good after verdict. Frazier v. Roberts, 32 Mo. 461 and cases cited. 62 Mo. App. 42; 19 Mo. 252; 156 Mo. 514; 163 Mo. 342.

JOHNSON, J.—Plaintiff, a judgment creditor of defendant Robertson, had execution issued and caused Alexander to be summoned as garnishee. In due time, interrogatories were filed by plaintiff and answered by

the garnishee, who stated that when served with process, he was not indebted to the defendant and did not have in his possession nor under his control any money or property belonging to defendant. A denial of this answer was filed by plaintiff the material allegations of which are, "that on the 17th day of August, 1903, said W. H. Alexander had in his possession and under his control $57 or thereabout in money coming to and due this defendant, Ike Robertson, Sr., and that when garnishment was served, said garnishee had in his possession and under his control said $57 or thereabout in money. Plaintiff further avers that this garnishment is under a judgment from this court in January, 1903, upon execution for same and costs." The reply of the garnishee was a general denial. Plaintiff recovered judgment and the garnishee appealed. The facts in evidence show that the garnishee at the time of the service of the writ was the administrator of an estate and had in his possession the sum of $403.58 for distribution among the distributees of whom defendant was one. The affairs of the estate had been fully administered; time for filing demands against it had expired; all debts and charges had been paid, final settlement had been filed and approved and the administrator had applied for and obtained an order of distribution from the probate court, in which he was directed to pay fifty-seven dollars to defendant as a distributee. The garnishee was served with notice of garnishment immediately after this order was made.

The garnishee testified that before the occurrence of these proceedings in the probate court a Mr. Hamilton, another creditor of defendant, presented to him a written order signed by defendant directing the payment to Hamilton of the amount of defendant's share in the money to be distributed and requested and obtained the acceptance of the order, and that very soon after the service of garnishment the garnishee paid the fifty-seven dollars due defendant to Hamilton. In the

instructions given, the court told the jury to return a verdict for the garnishee if they believed in the existence of these defensive facts, but the jury rejected them in giving plaintiff the verdict. The garnishee complains of the action of the trial court in refusing his request for an instruction in the nature of a demurrer to the evidence and presents several questions for our determination.

First, he contends that the denial is fatally deficient in omitting from its allegations facts constitutive of the cause of action pleaded. The garnishee made no attack upon this pleading by demurrer or motion, but replied to the merits and therefore waived all defects except those so fundamental in character that a verdict could not cure them. The specific objection is that in alleging that the garnishee "had in his possession and under his control $57 . . . in money coming to and due this defendant," a conclusion of law and not a fact is stated. We do not agree with this. The averment advised the garnishee to prepare to meet an issue of fact—that he held when served with notice a specified sum of money belonging to and due the defendant. It may be conceded that a conclusion is stated, but it is one of fact and not of law. Often it occurs that an elemental fact is dependent for its existence upon other facts and therefore cannot be established by direct proof, but it is none the less a fact and the averment of it alone satisfies the rules of pleading, which do not require but condemn the pleading of purely evidentiary facts. [Russell Grain Co. v. Railroad, 114 Mo. App. 488.] The allegations of the denial are sufficient.

Further, the garnishee contends that the action must fail because the proceeding under the pleadings is against him as an individual, while the proof shows that the only relation he sustained to defendant with respect to the money in question was in his representative capacity as an administrator. Under section 3435, Revised Statutes 1899, an executor or administrator of

an estate is not subject to garnishment on account of the interest of a distributee prior to the making of an order of distribution and, so long as the estate is in process of administration, the only relation sustained by the executor or administrator to those interested in its distribution is that of a representative, but after the time has elapsed for the allowance of demands against the estate and all debts and charges have been paid and nothing remains to be done but to comply with the order of distribution, the executor or administrator becomes the personal debtor of each distributee for the amount of the share due such distributee, and if payment thereof is not made, may be sued for its recovery, either upon his bond or in an action against him alone as an individual. [Clarke v. Sinks, 144 Mo. 448; Pound v. Cassity, 166 Mo. 419.] As the garnishee when served was in the position of an ordinary debtor, plaintiff was not required to proceed against him as an administrator.

Another point urged by the garnishee is that plaintiff failed to prove by competent evidence the making of an order of distribution. The order itself, or the court record thereof, would have been the best evidence and neither was produced, but the garnishee when testifying as a witness, in effect, admitted that the order had been made when he was served and his defense upon the merits was in part based upon the fact of the existence of the order. Plaintiff's omission to make formal proof was cured by these admissions.

The demurrer to the evidence was properly overruled.

We have examined the instructions and find the issues were fairly presented to the jury. No error appearing in the record, the judgment is affirmed. All concur.