FRANK B. SHELTON, Administrator Estate of DA-
VID R. SHELTON, Deceased, Respondent, v.
VINCENT COOKSEY, Defendant; MARY A.
COOKSEY, Administratrix Estate of JOHN S.
COOKSEY, Deceased Garnishee, Appellant.

Kansas City Court of Appeals, November 1, 1909.

1. VENDOR: Real Estate: Deed.  A recital in a deed that the
purchase price has been paid, acted upon by third parties in
good faith without knowledge of the facts and to their preju-
dice, the parties making such recital are estopped from de-
nying its purport.

2. LAND: Vendor's Lien.  An oral agreement to reconvey land
does not in any wise prevent the enforcement of a lien for
unpaid purchase money.

Appeal from Grundy Circuit Court.—*Hon. G. W. Wan-
amaker,* Judge.

REVERSED AND REMANDED.

*Hall & Hall* for appellant.

The undisputed evidence shows that the defendant
Vincent Cooksey owed George Cooksey for the land sold
to Robinson, who was to be paid or was entitled to the
proceeds of the land when sold, that the garnishee was
the agent of George Cooksey and as such had received
and held the $1,800 draft issued by the Cook & Vencill
Bank, payable to George Cooksey, the proceeds of the
Vincent Cooksey lands and other lands of George Cook-
sey at the of the service of the garnishment, by a prior
agreement between the defendant and George Cooksey
was the property of George Cooksey at the time and was
not subject to the garnishment.   For plaintiff as the
attaching creditor could hold the garnishee only to the
extent of the garnishee or his principal George Cook-
sey's liabilities, to the defendant Vincent Cooksey.

Plaintiff by the garnishment could not place the garnishee in a worse position than if he had been sued by the defendant, Vincent Cooksey.     Karnes v. Prichard, Garn., 36 Mo. 137; Scales v. Hotel Co., 37 Mo. 524. There can be no question but George Cooksey had a lien on the land he had sold to Vincent Cooksey for the purchase money therefor, which lien was superior to any right acquired by plaintiff by the garnishment, and the court erred in refusing to give garnishee's third instruction. Truesdale v. Brennan, 153 Mo. 604; Wynn v. Investment Co., 125 Mo. 543; Johnson v. Burks, 103 Mo. App. 227; Eubanks v. Finnell, 118 Mo. App. 543; Majors v. Maxwell, 120 Mo. App. 286.

*E. M. Harber, A. G. Knight* and *O. N. Gibson* for respondent.

A defect of parties cannot be taken advantage of by objection to the introduction of any testimony in the case.     Unless raised by demurrer or answer, such defect is waived.     R. S. 1899, sec. 598, 602; Crook v. Tull, 111 Mo. 283, 20 S. W. 8; Butler v. Lawson, 72 Mo. 227; Dunn v. Railroad, 68 Mo. 268; Horskotte v. Menier, 50 Mo. 158; Toovey v. Baxter, 59 Mo. App. 470; Garrett v. Cramer, 14 Mo. App. 401.     Section 3459, Revised Statutes 1899 does not abrogate the rule.     It is merely directory, and a failure to comply with it would not defeat the court of jurisdiction in any case.     McKettrick v. Clemens, 52 Mo. 160; Murphy v. Wilson, 45 Mo. 427.     The general rule is well settled that an attaching creditor succeeds merely to the rights of the defendant, and any defense which would be available to the garnishee as against such defendant may be interposed to defeat the garnishment.     Firebaugh v. Stone, 36 Mo. 111; McPherson v. Railroad, 66 Mo. 103; Sheedy v. Bank, 62 Mo. 17.     But the exception to this rule is equally well settled that in cases of fraud, actual or constructive; the rights of the attaching creditor as against the garnishee are not measured by those of the

attachment defendant.    Hungerford v. Greengard, 95
Mo. App. 659; Baker v. Schneider, 85 Mo. App. 417;
Donk Bros. v. Kinealy, 81 Mo. App. 646; Epstein v.
Clothing Co., 67 Mo. App. 221; Brewing Ass'n v.
Steimke, 68 Mo. App. 52; Eyerman v. Kreickhaus, 7
Mo. App. 455.

BROADDUS, P. J.—The controversy grows out of
a garnishment proceeding.

The plaintiff instituted suit in the circuit court of
Grundy county and sued out attachment in aid thereof,
by means of which a certain fund in the hands of John
S. Cooksey was garnisheed.    The garnishee answered
that the fund did not belong, to the defendant Vincent
Cooksey, but that it was the property of George Cook-
sey.    The cause was tried on the issues raised by the
answer of the garnishee, the alleged claimant George
Cooksey not having been made a party to the cause.

For a long time prior to this suit defendant Vincent
Cooksey was a resident of Mercer county engaged in
farming and dealing in stock.    The plaintiff became
surety for him to the extent of several thousand dollars
of which amount plaintiff was compelled as such surety
to pay about six hundred dollars.    Defendant then re-
moved to Grundy county and afterwards to the State
of Arkansas, where the claimant George now resides.
At the time George Cooksey removed from Missouri
where he had previously resided, to Arkansas in com-
pany with his father the defendant Vincent, he was the
owner in fee of twenty-six acres of land in Grundy
county.    On August 19, 1903, he conveyed nine acres
of this tract to the defendant, in the deed to which there
is a recited consideration of one thousand dollars paid
in full.    The testimony went to show that it was worth
about thirteen hundred dollars.

There was testimony given to show that the pur-
chase price for the land had not been paid and it is
claimed that a short time after the date of said deed

defendant proposed to reconvey the land to George in payment of the unpaid purchase price; that George agreed to the proposition and thereafter according to the evidence of both parties the land was treated as belonging to George.

For the purpose of sustaining his theory of the case the garnishee introduced evidence tending to prove that after his financial failure in Mercer county the defendant had not been able to retrieve his losses and therefore he could not have and did not pay the purchase price of the land.

The defendant moved back to Missouri and took charge of the land, rented it, received the money, paid the taxes and it is alleged sent the rent mostly to George; but it was shown in the evidence, that he informed the tenant that he was the owner of the land, and he made witness by the of Lickey, his agent to sell the entire twenty-six acres, but told him only nine acres of it was in his name.

The garnishee contracted a sale of the entire twenty-six acres to a Mr. Robinson for the agreed sum of $1,800, and defendant and George and wife joined in a deed to the purchaser who paid $100 at the time the contract was entered into, and the remainder in a draft to the garnishee, which was garnisheed in his hands under the attachment herein. Other matters arising on the trial will be noticed hereafter.

The finding and judgment were for the plaintiff from which the garnishee appealed.

We will dispose of the first contention of the appellant that the court erred in excluding certain evidence offered by him, by the statement generally, that much of it was wholly incompetent and the residue immaterial. We do not understand that it is our duty to take up such matters in detail, in order to show their competency or incompetency, their relevancy or irrelevancy.

Shelton v. Cooksey.

The case was tried by the court upon the theory contained in instruction one given at the instance of plaintiff, which is as follows:

"By the deed read in evidence of August 19, 1903, from George to Vincent Cooksey for the nine acres mentioned by the witness George Cooksey acknowledged to have received the full purchase price of said lands. And even though the same may not in fact have been paid, and even though months thereafter the said Vincent may have verbally agreed to convey said lands to said George or agreed that when it was sold the said George might receive payment of said purchase price, yet this did not operate to transfer any right, title or interest in said premises to said George or give him in this proceeding any rights as against plaintiff to the purchase price paid therefor by witness Robinson, nor did it give to the garnishee, John S. Cooksey any right whatever to hold the proceeds of said sale of said nine acres as against the plaintiff and proceedings of garnishment had herein. But said George having conveyed said premises to said Vincent and there never having been any reconveyance thereof, the said Vincent had the right to sell and convey the same and the proceeds thereof under the circumstances aforesaid, were subject to attachment and garnishment herein; and if the jury find from the evidence that after the proceeds of said sale of nine acres to said Robinson came into the hands of said John S. Cooksey, garnishee herein, he, the said John S. Cooksey, was garnisheed, and this prior to remitting said proceeds to the said George Cooksey, the jury will find for the plaintiff as against said garnishee and determine the value of the interest of the said Vincent Cooksey in said draft as in other instructions herein specified."

The instruction was in the nature of a direction to the jury to find for the plaintiff. The question is therefore one of law; as the instruction is predicated upon the theory that the title being in defendant, his agree-

ment to reconvey the land to George Cooksey, the consideration being the unpaid purchase price, the agreement not being in writing and signed by the parties is void under the statute. [Sec. 3416, R. S. 1899.] The theory of the court was right in so far as such verbal agreement was concerned, but it is insisted and correctly that notwithstanding said oral agreement of Vincent Cooksey to reconvey the land to George, the latter had a lien on the land and its proceeds for the amount of said purhase money unpaid; and such lien was enforceable both in law and equity. [Johnson v. Burks, 103 Mo. App. 221.]

We do not understand that respondent seriously takes issue with appellant on that question, but denies it has any application, by reason of the recitals in the deed that the purchase price of land had been paid. As between the parties such a recital was in effect in the nature of a receipt, subject to explanation. [Wheeler v. Land Co., 193 Mo. 279.]

But it is insisted that such recitals acted upon by third parties in good faith without knowledge of the facts and to their prejudice operates as an estoppel, and parties making such recitals are precluded from denying their purport. It is said "Where the vendor of property gives to the purchaser's agent, through whom the purchase was made, a receipt in full for the purchase money, and the purchaser, in good faith, relying on the truth and validity of the receipt, pay the amount to the agent, the vendor is estopped, as between him and the purchaser from denying the truth of the receipt . . ." [Miller v. Sullivan & Co., 26 Ohio St. 639.] And a like holding is announced in Bunton v. Palm, 9 S. W. 182; Atkins v. Payne, 42 Atlantic (Pa. St.) 378; San Luis Obispo County v. Pettit (Cal.), 34 Pac. 1082; and Turner v. Flinn, 72 Ala. 532.

While the law as thus stated has our unqualified approval we are of the opinion that plaintiff has not brought himself within the scope of its protection. He

was not a purchaser; he paid out nothing on the strength of the recital. It is true he has incurred costs in his effort to subject the proceeds of the sale of the land to the payment of his judgment; but that fact alone will not suffice. He has not been prejudiced in the sense meant by the use of that word. The instruction should not have been given.

The garnishee denies that the court had jurisdiction of the garnishee because of failure to give notice and make the claimant George Cooksey a party. Section 3459, Revised Statutes 1899, provides: "If the garnishee disclose in his answer, and declare his belief, that the debt owing by him to the defendant, or the supposed property of the defendant in his hands, has been sold or assigned to a third person, and the plaintiff contests or disputes the existence, force or validity of such sale or assignment, the court shall make an order upon the supposed vendee or assignee to appear at a designated time and sustain his claim to the property or debt." This statute is held to be directory only, and the court had "the right under the pleadings to pronounce upon them, in the absence of the claimant, as neither party had demanded that he should be brought before the court." [McKittrick v. Clemens, 52 Mo. l. c. 163; Swartz v. Riner, 66 Mo. App. 476; and Lindsay v. Brooks, 82 Mo. App. 301.]

There is a further contention by appellant that as the garnishee was the claimants agent his possession at the time of the service of the garnishment was the possession of such claimant; and that therefore the judgment against him was wholly unauthorized. It is true the possession of the agent as a fiction of law is often treated as the possession of the principal, but this rule does not apply in cases like this, where the object is to seize or detain the *res* which is the subject-matter of litigation.

There was only one issue in the case viz.: Was Vincent Cooksey indebted to George Cooksey for the

purchase price of the land at the time of service of garnishment. And the case should be tried on that issue alone. Reversed and remanded. All concur.