F. G. TAYLOR, Appellant, v. JOHN DOLLINS, Defendant; W. H. KITTRIDGE, Garnishee, Respondent.

Springfield Court of Appeals, June 5, 1920.

1. GARNISHMENT: Denial of Garnishee's Answer Should State Cause of Action, and a Reply Should be Served. The denial of garnishee's answer being in law the first pleading, should state facts constituting judgment creditor's cause of action, and a mere statement that garnishee owes execution defendant, or did when process was served, is too. general, and a reply which corresponds to the answer in ordinary cases should have been filed (Rev. St. 1909, sec. 2431).

2. ———: Interplea Statute Directory Only, and Garnishee May Defend that Fund Belongs to the Third Party. Revised Statutes 1909, section 2439, providing that garnishee may file an interplea for his own protection where the fund is claimed by more than one party, is directory, and not mandatory, and he may take on himself the defense that the fund rightly belongs to third party.

3. APPEAL AND ERROR: Appellant Not Permitted to Change Theory of Cause as Shown by Pleadings. While garnishee's reply should have stated facts relative to defendant's order assigning fund to one other than execution creditor, yet where neither party observed the rules of good pleading, and the garnishee was allowed to prove that the fund in his hands was not the property of execution defendant by showing without objection that it had been previously assigned, it is too late to question such evidence and thus change the theory of the case on appeal.

4. GARNISHMENT: Sufficiency of Prior Assignment to Defeat Same. When a debtor by means of a written order, directs a third party to pay to one creditor a fund in his hands due such debtor and the third party is willing to do so, such order acts as an assignment of the fund to such creditor and such assignment will prevail

against a subsequent garnishment of the same fund by another creditor and this true though there has been no binding acceptance of such written order by the holder of the fund.

5. **ASSIGNMENTS: Garnishment: Creditor Cannot Assign Part of Fund Without Debtor's Consent but Plaintiff in Garnishment Cannot Raise Objection.** A creditor cannot assign a part of fund due him without the debtor's consent, although he can assign the whole, but such question can be raised only by the debtor or holder of the fund, and not by the plaintiff in action against garnishee.

6. ————: **Order Treated as Assignment Need Not be Accepted in Writing.** An order upon the county given by execution debtor to a bank, served upon the county's agent, *held* an assignment of funds in drawee's hands and not a bill of exchange, under Revised Statutes 1909, sections 10096, 190099, so that the drawee was not required to accept in writing; the order having lost its character as a negotiable instrument on being declared and treated as assignment.

Appeal from Butler Circuit Court.—*Hon Almon Ing,* Judge.

AFFIRMED.

*F. G. Taylor, pro se,* and *E. R. Lentz* for appellant.

*David W. Hill* and *Abington & Abington* for respondent.

STURGIS, P. J.—Garnishment on execution. Plaintiff's judgment, obtained in the Circuit Court of Butler County, is for $452.02. In endeavoring to collect this, the sheriff, having the execution summoned W. H. Kittridge as garnishee. In the garnishee's answer to the interrogatories he denied that he was indebted to the execution defendant in any sum or that he had in his possession or control any property or effects of such defendant. The denial of the garnishee's answer, which in law is the first pleading and should state the facts constituting plaintiff's cause of action (Kiernan v. Robertson, 116 Mo. App. 56, 60, 92 S. W. 138), is no more than a denial of the garnishee's answer and an assertion "that the garnishee is indebted to the defend-

ant herein or was so indebted at the time when the said garnishee process was served upon him.'' No reply seems to have been filed, though the reply corresponds to the answer in ordinary pleadings. Section 2431 R. S. 1909; Dodge v. Knapp. 112 Mo. 513, 87 S. W. 47; Brown & Hamm v. Gummersell, 30 Mo. App. 341, 345. No objection, however, was made by either party to the pleadings and the case went to trial resulting in a judgment for the garnishee. The plaintiff appeals.

There is little or no dispute as to the facts and the questions raised are matter of law. The garnishee was overseer of certain drainage ditches ⅋in Butler County employing persons including defendant to do work thereon in keeping same open and serviceable. The county paid to the garnishee the amount due for such work and he thus had in his hands the sum of $187.50, due or belonging to defendant for work and labor performed on such drainage ditches. It is conceded that defendant was also indebted to the Bank of Neelyville in the sum of $200.00 and a few days prior to the service of the garnishment herein that bank obtained and presented to this garnishee the following order, the genuineness of which was not contested:

"Neelyville, Mo., August 8, 1919.

Mr. W. H. Kittridge,

Poplar Bluff, Mo.

Dear Sir:

This is an order for you to pay to the State Bank of Neelyville, of Neelyville, Mo., two hundred dollars from money due me from Butler County, Mo., for cleaning ditch in District No. 7. This money is to be allowed by the County Court at their September meeting.

JOHN DOLLINS.

Sworn and subscribed to before me this 8th day of August, 1919.

My commission expires June 25, 1922.

L. S.

ARTHUR MOORE.

Notary Public."

The garnishee made no formal acceptance of this order but retained the same, "accepted it in his own hand," and was not only willing but considered himself obligated to pay same to the extent of funds coming to his hands belonging to defendant Dollins. The case was tried by the court and no declarations of law were asked or given. All the evidence offered by either party was admitted without objection.

The defense which the garnishee relied on is that the order in question acted as an assignment by the defendant of the funds in his hands to the Bank of Neelyville; and, since same came to his hands and he assented to the assignment prior to the service of garnishment, he had no funds in his hands at such time subject to garnishment as belonging to. or due to the defendant Dollins.

The point is made by plaintiff that the garnishee should have stood neutral as to this fund and, after disclosing his information as to the claimed assignment of same to the Bank of Neelyville, to have caused such claimant to appear and join issue with this plaintiff in an interplea. While a third party claiming property or funds seized by garnishment on execution has no right of his own motion to interplead for such funds (Schawacker v. Dempsey, 83 Mo. App. 342, 352; Straus v. Rothan, 41 Mo. App. 602, 610), yet Section 2439, R. S. 1909 provides that the garnishee may cause such an interplea for his own protection. This statutory provision however is directory only, is for the protection of the garnishee and is not mandatory, The garnishee may take on himself the defense that the funds in his hands alleged to belong to or be owned by defendant, 122 S. W. 331, "the garnishee answered that the fund rightly belong to some third.party and not to defendant,' Thus in Shelton v. Cooksey, 138 Mo. App. 389, 390, 391, did not belong to the defendant Vincent Cooksey, but that it was the property of George Cooksey. The cause

was tried on the issues raised by the answer of the garnishee, the alleged claimant George Cooksey not having been made a party to the cause;'' and at page 395, speaking of the right of the court to adjudicate the ownership of the garnished fund as between the execution defendant and a third party without following the method provided by this statute for bringing such claimant into court, the court said: ''This statute is held to be directory only, and the court had 'the right under the pleadings to pronounce upon them, in the absence of the claimant, as neither party had demanded that he should be brought before the court' (McKittrick v. Clemens, 52 Mo. 1. c. 163; Swartz v. Riner, 66 Mo. App. 476; and Lindsay v. Brooks, 82 Mo. App. 301).'' In Lindsay v. Brooks, 82 Mo. App. 301, 304, this is said: ''It was conceded at the hearing that none of the alleged principals of Brooks had prior to the garnishment or since made any claim or demand for the money in question. Counsel for Lindsay argues that the absence of such demand or notification, it was not permissible for the bank to interpose the rights of the alleged owners of the fund in defense of the garnishment. Whatever may be the rule elsewhere, and whatever may be our individual opinions on the subject, the question has been otherwise determined both by the Supreme Court (McKittrick v. Clemens, 52 Mo. 163), and by this court (Brown v. Gummersell, 30 Mo. App. 341).''

It is also true as claimed by plaintiff that under the rules of good pleading the garnishee should be his reply have stated the facts relative to the order by defendant assigning this fund to the Bank of Neelyville. Neither party as we have seen have observed the rules of good pleading in garnishment cases nor did plaintiff in any manner raise this point in the trial court, except perhaps in an indefinite way in the motion for new trial. No objection was made to the introduction in evidence of the order given by defendant on the garnishee directing him to pay this fund to the Bank of Neelyville nor to any of the evidence tending to show a valid assignment of this fund to the Bank of Neelyville prior

to the service of the garnishment. The parties evidently regarded the garnishee's answer to the interrogatories as part of the pleadings and such answer avers that this fund was not the property of the execution defendant at the time such answer was filed. The garnishee was allowed to prove this by showing without objection that such fund had been previously assigned to the Bank of Neelyville by the written order in question. It is too late to raise this question after plaintiff tried his case on the theory that this was the one issue to be settled. Plaintiff could not be allowed to join battle on issues known to be vital to the case and after losing be allowed to obtain a new trial on more or less technical grounds not considered of importance till after the battle was lost. [See Manra Bros. v. Herrell, 200 S. W. 776, 780; Brown v. Gummersell, 30 Mo. App. 341, 345.]

The merits of this case depend on the solution of the question whether the garnishment proceedings in favor of the judgment creditor should prevail over the prior order given by the judgment debtor on the garnishee in favor of another creditor, the Bank of Neelyville. The plaintiff says the garnishment should prevail because the order in question was not accepted by the garnishee and that acceptance of the order is essential to its validity. The evidence shows that the garnishee did not accept this order in favor of the Bank, either verbally or in writing, in a legal sense so as to make the same a binding obligation on him. [4 Elliot, Contracts, sec. 3411.] The garnishee did however have full notice of the same since it was delivered to and retained by him and, as he says, he "accepted it in his own mind," that is, assented to the terms, waived all objections as to form and that its effect might be a partial assignment of the money coming to his hands belonging to the drawer of the order. The garnishee says he considered the order binding on him and an assignment to the bank of the funds coming to his hands. The acceptance of an order like the acceptance of a bill of exchange creates an obligation and an action may be

based on such acceptance. [4 Elliot on Contracts, sec. 3418; Kimball v. Donald, 20 Mo. 577, 581.] That however is not the question here presented. An assignment creates no new obligation but merely transfers from one person to another an .existing debt or chose in action. In Kimball v. Donald, supra, the court stated the law thus: "It is true that anything amounting to a present transfer of a specific fund for value is a valid assignment in equity which changes the property as against the assignor, and *cuts off subsequent attaching creditors.* No form is required; it is sufficient that the transaction is, in the contemplation of the parties, a present sale of the subject matter assigned, vesting a present interest in the assignee, and not resting merely in agreement to be executed thereafter. In a word, any thing that shows an intention on one side to make a present irrevocable transfer of the fund, and from which an assent to receive it may be inferred from the other, will operate in equity as an assignment, if supported by a sufficient consideration. Upon this principle, courts allow an order payable out of a particular fund belonging to the drawer, and which has been delivered to the payee for value, to take effect as a present transfer of the debt; and Lord Chancellor Truro, in a recent case, 1852 (Rodeck v. Gandell, 15 Eng. Law and Eq. 30), stated it as the result of all the cases that 'an agreement between a debtor and a creditor that the debt owing should be paid out of a specific fund coming to the debtor, or an order given by a debtor to his creditor, upon a person owing money or holding funds belonging to the giver of the order, directing such person to pay such funds to the creditor, will be a valid, equitable charge upon such fund; in other words will operate as an equitable assignment of the debt or fund to which the order refers.' " To the same effect is Bank of Commerce v. Bogy, 44 Mo. 13, 18, where it is said: "It has always been held that an order founded upon a good consideration, given for a specific debt or fund owing by or in the hands of a third person, operates as, or rather is evidence of, an equitable assignment of

the demand to the holder, so that he may sue and recover the debt or the fund whether the order be accepted or not.''

The law is that a creditor cannot assign a part of a fund due him from a third party without the consent of the debtor. To be valid in such case the assignment must be of the whole fund or debt. [Rice v. Dudley, 34 Mo. App. 383; Fourth Nat. Bank v. Noonan, 88 Mo. 372; Burnett v. Crandall, 63 Mo. 410.] This however is a question which can be raised only by the debtor and if the debtor or holder of the fund assents to the partial assignment of the fund and is willing, as the garnishee here is, to recognize the partial assignment and pay same then it stands on the same footing as an assignment of the whole fund. No acceptance is necessary. [Boyer v. Hamilton, 21 Mo. App. 520, 524; Bank v. Noonan, 88 Mo. 372.] In a case similar to this, Whiteside v. Tall, 88 Mo. App. 168, 171, the court said: ''Nor does it matter, on this issue between the garnishee and attaching plaintiff, that the assignment for the benefit of Mrs. Llewellyn was of only a portion of Lyons, indebtedness; no one but Lyons can raise that objection. [Johnson County v. Bryson, 27 Mo. App. 341.]'' Hendrickson v. Bank, 81 Mo. App. 332, was a garnishment on execution on which a prior order had been given by the execution defendant on the garnishee to pay to a certain bank an amount greater than the fund held by such garnishee. Such garnishee had not accepted such order. The similarity of facts is apparent. Since the garnishee made no objection that the order was for more than he held, the court held that it acted as an assignment of such fund and would prevail over the subsequent garnishment.

It is said in all such cases that the garnishment plaintiff secures no better right than the execution defendant has—that he merely steps into his shoes—and where the assignment is valid as between the parties thereto, the garnishee and execution defendant, it is valid as to the garnishing plaintiff. [Hendrickson v. Bank, 81 Mo. App. 332, 336; Smith v. Sterritt, 24 Mo.

260, 263.] It cannot be doubted that the order in question, after being signed by defendant and delivered to the Bank in payment of or to secure a valid indebtedness, was valid and enforceable as against defendant. He could not have countermanded the same or used the fund in violation of the terms of the order and the bank's rights thereunder.

Plaintiff argues that the order here in question is in the nature of a bill of exchange and does not of itself operate as an assignment of the funds in the drawee's hands, sections 10096, 10099; that the drawee of such instrument is not liable unless and until he has accepted the same and such acceptance must be in writing. [Secs. 10097 and 10102, R. S. 1909.] This however is not a suit by the payee of the order, the Bank of Neelyville, against the drawee, this garnishee. The liability of such drawee is not in question for the drawee is not resisting such liability. The cases of Nelson v. Nelson Bennett Co. (Wash.), 71 Pac. 749 and Ewing v. National Bank (Ky.), 172 S. W. 955, are not in point for they are cases based on the liability of the drawee of a bill of exchange arising from his contract of acceptance of same. A suit based on an assignment of a cause of action and one based on the new contract arising from accepting the order, check or bill of exchange, are radically different. That an order or even a bill of exchange may be shown to be and have the effect of an assignment is the settled law (Boyer v. Hamilton, 21 Mo. App. 520; Kimball v. Donald, 20 Mo. 577) and when such instrument is declared on and treated as an assignment then it loses its distinctive features as a negotiable instrument, and the rights of the parties thereunder are not influenced by the negotiable instruments law.

The judgment rendered is for the right party and is affirmed. *Farrington* and *Bradley, JJ.,* concur.