## Ewing v. Citizens National Bank.

(Decided February 5, 1915.)

### Appeal from Marion Circuit Court.

1. Banks—Checks—Definition of—Negotiable Instruments Act.—A check is a bill of exchange drawn on a bank payable on demand. Except as otherwise declared therein, all the provisions of the "Negotiable Instruments Act" applicable to bills of exchange payable on demand, apply to a check.

2. Banks—Checks—What Giving of Does Not Affect—Certification of.—A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check. Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance.

3. Banks—Checks—How Accepted—How Certified.—The acceptance of a check by the bank on which it is drawn, is the signification by the bank of its assent to the order of the drawer. The acceptance of the check, like its certification, in order to be binding on the bank, must be in writing and signed by it.

H. S. McELROY and S. A. RUSSELL for appellant.

W. H. SPRAGENS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment sustaining a general demurrer to the appellant, J. F. Ewing's petition as amended, and dismissing the action. The action was brought to recover of the appellee, Citizens National Bank, of Lebanon, Kentucky, $291.40, the amount of a check drawn upon it by Charles Camden, payable to appellant.

The material facts alleged in the petition as constituting the appellant's cause of action are as follows: The check was given appellant by Camden, January 12, 1914, in payment of a debt he owed him. At that time Camden, though insolvent, had on deposit in the appellee bank to

his credit money sufficient in amount to pay the check. On that day appellant went, during banking hours, to the appellee bank, exhibited the check to its assistant teller and asked him if it was good. The assistant teller advised him that the check was good and that Camden then had on deposit in the bank money enough to pay it. Instead of then obtaining the money on the check appellant informed appellee's assistant teller that he did business with the Rolling Fork Bank at Bradfordville, a village near Lebanon, and asked him if appellee bank would pay the check if he deposited it to his account in the Rolling Fork Bank for collection. In reply appellee's assistant teller told appellant that the check would be paid by the appellee bank when presented to it by the Rolling Fork Bank. On the following day, January 13, 1914, appellant deposited the check in the Rolling Fork Bank and on January 14, 1914, that bank presented it to the appellee bank for payment. But the latter refused to pay it for the reason, as stated, that Camden then had no money in the bank, having already drawn out his entire deposit by check payable to an officer or officers thereof.

In sustaining the demurrer the circuit court held, that the alleged agreement of the appellee bank with appellant to pay the check given by Camden to the latter when presented by the Rolling Fork Bank, was not binding on appellee, because not in writing. This ruling was based on the court's construction of certain provisions of what is known as the "Negotiable Instruments Act" (Acts 1904, page 213), contained in Chapter 90b, Kentucky Statutes (Carroll's Ed., 1909). Section 3720b, sub-section 185, of the Statute provides:

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided the provisions of this act applicable to bills of exchange payable on demand apply to a check."

Subsection 189 provides:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."

Subsection 187 provides:

"Where a check is certified by the bank on which it is drawn the certification is equivalent to an acceptance."

Certification of a check is usually made at the request of the drawer of the check, and the certification unconditionally imposes upon the bank making it the obligation

to pay the check when presented. The certification can of course only be given in writing. Acceptance of a check by the bank upon which it is drawn is customarily completed while the check is in the hands of the payee or holder, the acceptance being evidenced by a writing to that effect from the bank. "Acceptance" as defined by Section 3720b, subsection 190, "means an acceptance completed by delivery or notification." Appellant does not claim that the acceptance of the check given him by Camden resulted from a delivery of it to the appellee bank, but from its verbal assurance that it would be paid when later presented by the Rolling Fork Bank for that purpose.

Section 3720b, subsection 144, provides:

"Except as herein otherwise provided the holder of a bill which is required by the next preceding section to be presented for acceptance must either present it for acceptance or negotiate it within a reasonable time. If he fail to do so, the drawer and all endorsers are discharged."

The preceding subsection, 143, provides:

"Presentment for acceptance must be made: (1) Where the bill is payable after sight, or in any other case where presentment for acceptance is necessary in order to fix the maturity of the instrument; or (2) Where the bill expressly stipulates that it shall be presented for acceptance; or (3) Where the bill is drawn payable elsewhere than at the residence or place of business of the drawee. In no other case is presentment for acceptance necessary in order to render any party to the bill liable."

It is the contention of appellant that since a check is payable on demand it does not come within either of the three above provisions requiring presentment for acceptance, consequently the verbal assurance of appellee that it would be paid, was sufficient to fix its liability. Manifestly, this contention is unsound if the check is presented for acceptance instead of payment. The parties whose liability is to be affected by presentment for acceptance or failure to present for acceptance, as provided by subsection 143, are the drawers and endorsers and not the drawee, because no liability at all attaches to the drawee of a bill, or the bank upon which a check is drawn until the drawee or bank has accepted the bill, or certified or accepted the check. This is made plain by the provisions of subsection 144, *supra*. Obviously, the question here involved is controlled by subsection 189, *supra*, under the plain provisions of which the appellee bank could only

have been made liable under the circumstances here presented for the amount of the check in suit, by its acceptance or certification in writing of the check. That this is true, is made plain by subsection 132, Section 3720b, which provides:

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance *must be in writing and signed by the drawee*. It must not express that the drawee will perform his promise by any other means than the payment of money."

As by subsection 185, *supra,* "a check is a bill of exchange drawn on a bank payable on demand," and it was not alleged by the appellant in his petition that the appellee bank's acceptance of the check in question was made in writing and signed by it, the court below could not have done otherwise than sustain the demurrer to the petition.

The question here involved has never before been presented to this court for decision. It seems, however, to have been passed on by the Supreme Court of Colorado, in which State, as in most others of this country, the Negotiable Instruments Law is in force. In the case of Van Buskirk v. State Bank of Rocky Ford, 35 Col., 142, the court, after an elaborate discussion of the features of the act applicable in the instant case, said:

"Regardless of the common law rights of the parties under the facts of this case, we think there can be no doubt as to the correctness of appellant's leading contention that, under our negotiable instrument law, the drawee of a check is not liable to the holder unless and until he accepts or promises to pay the same, and such assent to his liability must be in writing."

The conclusion we have reached renders consideration of the question whether appellee's assistant teller had authority to accept for appellee the check, unnecessary, hence that question is not decided.

Judgment affirmed.