Loomis v. Robinson.

LOOMIS *et al., Plaintiffs in Error,* v. ROBINSON.

**Judgment Cannot be Assigned in Part.** An assignment of part of a judgment made without the consent of the debtor, is void both at law and in equity. *Burnett v. Crandall,* 63 Mo. 410, followed,

*Error to Pike Circuit Court.*—HON. G. PORTER, Judge

AFFIRMED.

*Smith & Krauthoff* and *Ed. T. Smith* for plaintiffs in error.

*W. H. Morrow* and *Dyer, Lee & Ellis* for defendants in error.

NORTON, J.—The plaintiffs instituted this action in the circuit court of Pike county, alleging that on the 17th day of May, 1876, the defendant Robinson recovered a judgment in the Louisiana court of common pleas against the defendants Burnett, Lansdown & Dyer for $1,554.85; that on the 3rd day of October, 1877, said Robinson, being largely indebted to the plaintiffs, in consideration of said

indebtedness, and of any future indebtedness that he might incur to them, assigned and set over to said plaintiffs the judgment so obtained by him; that said assignment contained a further provision that the plaintiffs should hold the same as collateral security for the purpose mentioned and subject to a claim due the defendant Partridge and the fee due Robinson's attorneys for obtaining the same; that Robinson was indebted to plaintiffs on account of goods sold him in the sum of $2,000. Plaintiffs prayed that the defendants Robinson, Partridge, Biggs and Fagg be required to show their interest in said judgment, and that the interest of said Robinson be foreclosed, and that execution be ordered to issue thereon and the proceeds thereof distributed according to the respective interests of the parties therein, and for general relief.

The defendant Robinson answered, admitting the recovery of the judgment as alleged, and averring that at the November term, 1879, of the Louisiana court of common pleas, in an action against him by one Letta Robinson, all his title in said judgment was divested and he now had no further interest therein. He also denied " each and every material allegation in said petition contained, except as admitted."

The defendants, Burnett, Lansdown & Dyer, denied each and every material allegation in said petition, except as thereafter admitted, and alleged a want of information sufficient to form a belief as to whether or not the said judgment was assigned to plaintiffs, but averred that if any such disposition was made thereof by Robinson, it was without their concurrence, knowledge or consent. They also alleged that they had fully paid off said judgment, and that they were not indebted to Robinson on any account whatever; and that by force of a judgment rendered at the November term, 1879, of the Louisiana court of common pleas, Robinson and these plaintiffs were divested of all interest in said judgment and the same was decreed to be the property of Letta Robinson, and that said de-

fendants had paid said judgment to said Letta Robinson, who entered the same satisfied of record, which facts they pleaded in bar of plaintiffs' action.

The defendant Partridge answered, admitting the facts to be as stated, and consenting that judgment be rendered as prayed for.

The plaintiffs filed a replication to Robinson's answer, denying the facts therein set up. They also filed a replication to the answer of Burnett, Lansdown & Dyer, denying specifically all the matters therein pleaded.

A trial being proceeded with, the plaintiffs offered in evidence the assignment to them of the judgment recovered by Robinson against Burnett and others, as follows:

"STATE OF MISSOURI,⎫ ss.
    County of Pike,      ⎭

"Know all men by these presents: That I, Henry C. Robinson, of the city of Louisiana, in said county and State, in consideration of my present indebtedness to the firm of Loomis & Snively, of the city of Hannibal, in the State of Missouri, as well as to secure any future indebtedness that I may hereafter incur in my transactions with the said firm, do hereby assign, transfer and set over to the said Loomis & Snively the judgment to which this writing is attached; provided, however, that this transfer and assignment is made with the full understanding and agreement that the said Loomis & Snively shall hold the same as collateral security for the purpose aforesaid and subject, in all respects, to a claim of $451.35 of George Partridge, of St. Louis, as well as my attorneys' fees, in relation to the said judgment and the appeal therefrom, (now pending in the Supreme Court of said State,) both of which are intended to be made a prior lien on said judgment:

"In testimony whereof, I have hereunto set my hand and seal this 3rd day of October, 1877.

[Seal.]                        "H. C. ROBINSON.
Attest:                        "J. W. MARTIN, Clerk."

The plaintiffs then introduced evidence tending to show that Robinson was indebted to them in the sum of about $1,500. The plaintiffs also introduced Judge Fagg, who testified that the fee mentioned in the assignment had been paid by Burnett, one of the defendants. On cross. examination, the witness stated that Robinson was indebted to Partridge on a note for $450, which was still unpaid; that Robinson gave Partridge an assignment of the judg- ment against Burnett and others, which either he (Fagg) or Partridge then held. This being all the evidence offered by the plaintiffs, the defendants presented the fol- lowing demurrer to the evidence : " The court instructs that under the testimony in this case, the plaintiffs cannot recover in this action." Which demurrer the court sus- tained, to which ruling the plaintiffs duly excepted, and in due time filed their motion for a new trial, which being overruled, they excepted. Judgment having been rendered against them, they duly filed their bill of exceptions, and thereupon bring this case here by writ of error.

The action of the court in sustaining defendants' de- murrer to the evidence is the error assigned. The assign- ment read in evidence, as we construe it, only transferred a portion of the judgment alluded to in it, and under the ruling of this court in the case of *Burnett v. Crandall*, 63 Mo. 410, the action of the court in sustaining the demurrer to the evidence was fully warranted. It was held in that case, which involved the validity of a partial assignment of a judgment, that when a creditor assigns a portion of his claim or debt without the consent of the debtor, the assignee could not recover on the portion so assigned either in law or equity. This ruling was followed in the case of *Beardslee v. Morgner*, 73 Mo. 22.

Besides this, it appears from the evidence that the judgment in question had been assigned to one Partridge.

Judgment affirmed, in which all concur; HENRY and HOUGH, JJ., concur in the result.