THE FOURTH NATIONAL BANK OF ST. LOUIS V. NOONAN, *Appellant.*

1. **Debt :** PARTIAL ASSIGNMENT OF BY CREDITOR. A creditor cannot without the debtor's consent assign a part of a note or other debt.

2. ———: WAIVER. The debtor may, however, waive his right to object to such partial assignment.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Boyle, Adams & McKeighan* for appellant.

(1) The paper of April 6, 1880, executed and delivered by the respondent to William J. Berkley, vested in him the title to the note sued on, and gave him the right to sue upon it in his own name as the holder thereof. Any other construction of it renders it nugatory and void, an interpretation which the court will hesitate to put upon any instrument. The court will rather seek the intention of the parties, and take that view of the transaction which will best serve the purpose which the parties had in view. A note may be assigned on a piece of paper separate from that on which the note is written. *McGee v. Ridderbarger*, 39 Mo. 365 ; *Ford v. Angelrodt*, 37 Mo. 50. No particular form of words is necessary to an assignment. It may be quite sufficient to transfer the

property, although the word assign should not be used, and the assignment may be inferred from the words used. *Weed v. Jewett*, 2 Metcalf, 608; *Gerrish v. Sweetser*, 4 Pickering, 374. An assignment may be effected by a power of attorney to collect the money and distribute it. *Watson v. Bagaley*, 12 Pa. St. 164. Whatever may be the inaccuracy of expression, or the inaptness of the words used in an instrument in a legal view, if the intention to pass the legal title to property can be clearly discovered, the court will give effect to it, and construe the words accordingly. *Tiernan v. Jackson*, 5 Peters, 580. If the paper in question worked an assignment of the note then the respondent could not sue upon it. *Long v. Heinrich*, 46 Mo. 603. (2) The judgment before the justice of the peace amounted to a voluntary credit on the whole note of all in excess of two hundred and fifty dollars, and the note so reduced by such credit was taken up into the judgment, and ceased to longer have any valid existence as a subsisting liability against the appellant, and this is true whether the assignment to Berkley was of the whole or only part of the note. No demand included in a plaintiff's complaint, or in a defendant's set-off or counter-claim, can be allowed in a suit if at any time before its allowance it has been taken into account in forming a judgment in another action between the same parties. Freeman on Judgments, sec. 224; *Andrews v. Varrell*, 46 N. H. 17; *McGildroy v. Aubry*, 30 Vermont 538; *Bank of North America v. Wheeler*, 28 Conn. 433. A judgment concludes the rights of the parties whether it includes the whole or only a part of the demand. *Union R. R. Co. v. Traube*, 59 Mo. 355; *Flaherty v. Taylor*, 35 Mo. 447; Freeman on Judgments, sec. 240; Bigelow on Estoppel, 117. (3) The respondent is estopped from denying the right of Berkley to enforce the note against appellant in his own name. *Prickard v. Sears*, 6 Ad. & E. 469; *Rice v. Groffman*, 56 Mo. 434; *Taylor v. Sangrain*, 1 Mo. App. 312. If the instrument of

assignment should be held to be in the nature of a power of attorney coupled with an interest, then it is irrevocable. *Hunt v. Roumanier*, 8 Wheat. 174; *Hartley's Appeal*, 53 Pa. St. 212; *Hutchens v. Hubbard*, 34 N. Y. 24. If Berkley under the paper of April 6, 1880, was made merely an agent for collection, then he could sue in his own name on the note. *Webb v. Morgan*, 14 Mo. 428; *Beattie v. Lett*, 28 Mo. 596; *Simons v. Belt*, 35 Mo. 461.

*G. A. Finkenlburg* for respondent.

(1) The instrument executed by plaintiff to Berkley is not an assignment. It is a contingent transfer of an interest in a future fund which may or may not come into actual existence. *Spain v. Hamilton*, 1 Wall. 604; *Green v. Ashley*, 6 Leigh, 135; *Ford v. Garner*, 15 Ind. 298. (2) A note cannot be assigned in part so as to enable the partial assignee to maintain an action on the same against the maker. Edwards on B. & N., 279; 1 Daniel on Neg. Paper, sec. 668; *Frank v. Kaigler*, 36 Tex. 305. (3) The attempted assignment was simply void as against the maker, and conferred no rights on the partial assignee as against him. The right to control and recover the whole demand remained in the assignor, and the defendant in the case at bar had a complete defence against the partial assignee. *Mandeville v. Welch*, 5 Wheaton, 277; *Love v. Fairfield*, 13 Mo. 300; *Burnett b. Crandall*, 63 Mo. 410; *Beardslee v. Morgner*, 73 Mo. 22. And this is particularly so in cases of bills and notes. *Lyon v. Lyon*, 4 Bibb. 438; *Loomis v. Robinson*, 76 Mo. 488; *Elledge v. Straughn*, 2 B. Monroe, 81; *Bank v. Trimble*, 6 B. Monroe, 599; *Fairgrieves v. Lehigh Co.*, 5 Am. L. Reg. (O. S.) 161; *Frank v. Kaigler*, 36 Texas, 305. A partial assignee cannot recover on his fractional interest, without making his assignor a party. *Smith v. Gary*, 2 Devereux &

Battie, 42, 50. (4) If, however, the debtor chooses to waive his right to resist the division of an entire demand, he may do so, and having done so, he is thereafter estopped from complaining. *Burnett v. Crandall*, 63 Mo. 410; *Lett v. Morris*, 4 Simons, 607. Much less can he, by submitting to a judgment for a part, rid himself of his entire liability for the remainder. *Cook v. Ins. Co.*, 8 Howard, 514. (5) The doctrine that when a party splits up his cause of action, and recovers a part, he is barred as to the remainder applies only to cases where the same person is plaintiff in different suits brought to enforce a single demand. (6) The trial court erred in admitting the proceedings and judgment in the suit of *Noonan v. Berkley* in evidence against this defendant. A judgment in a prior suit is admissible only against a person who was a party thereto, or against some one who claims under a party to the record. Privity in estate is based on succession; one who succeeds to another's title may, under circumstances, be bound by judgment against his predecessor, but the predecessor is never bound by judgment against his successor, unless he had an obligation to defend the suit, was duly notified, and had a reasonable opportunity to do so. 2 Phillip's Evidence, 6; Bigelow on Estoppel, 95; Freeman on Judgments, sec. 162; 2 Smith's Lead. Cas., 627 and 800; *Hunt v. Haven*, 52 N. H. 162; *Mackey v. Coates*, 70 Penn. Stat. 350. See this doctrine applied to the relation of assignor and assignee. *McDonald v. Gregory*, 41 Iowa, 513; *Brown v. Brown*, 2 E. D. Smith, 153; *Baring v. Fanning*, 1 Paine, 549; *Bertrand v. Bingham*, 13 Texas, 266; *Maupin v. Compton*, 3 Bibb. 214. Judgment rendered after suit commenced cannot be pleaded in bar. *State v. Spikes*, 33 Ark. 801, 810.

BLACK, J.—This suit is based upon a note made by the defendant dated April 30, 1877, maturing June 24, 1877 for twenty-four thousand dollars and payable to plaintiff.

The petition gives credits for proceeds of certain collaterals and demands judgment for some nine or ten thousand dollars. The suit was begun in 1882 and the cause came on for trial March 20, 1883, when the defendant filed a second amended answer. The third and fourth defences, set up for the first time in this amended answer, are based upon the following facts as disclosed at the trial. Noonan, the defendant here, sued Berkley before a justice of the peace, and on the return day of the writ, which was the day before the present suit came on for trial, Berkley appeared before the justice and filed an off-set and judgment was at once entered for Berkley against Noonan for fifty dollars, being the excess of his demand after having remitted enough of the off-set to bring it within the jurisdiction of the justice. The document filed by Berkley as an off-set was signed by plaintiff's president and is as follows :

"St. Louis, April 6, 1880.

"In consideration of two hundred and fifty dollars, in hand paid by William J. Berkley, we do hereby assign and transfer to him five hundred dollars out of any proceeds he may collect from T. S. Noonan on his note dated April 30, 1877, for the sum of twenty-four thousand dollars due five days after notice, now held by us. But this agreement shall not apply to any proceeds realized on collaterals pledged to secure said note ; the right to realize on said collaterals being reserved to us exclusively.

"John C. H. D. Block, Pres."

1. The contention that this paper operated as an assignment of the whole note cannot be maintained. It does not purport to transfer the note, or even the whole of the proceeds. The contrary intention is clearly expressed. The only doubt that can be entertained is whether it assigns a part of the note, or only a part of the proceeds when collected, leaving the title to the whole note as well as the possession with the bank.

Taking the paper as a whole we think it should be regarded as an assignment of five hundred dollars, a part of the note. This is certainly the most favorable view to the defendant. Now it has been held several times in this state that a judgment creditor cannot assign a part of the judgment, so as to be binding upon the debtor without his consent. The debtor has a right to pay the debt as a whole. He may settle with the creditor though he has notice of the assignment. As to him such partial assignment is invalid. *Love v. Fairfield*, 13 Mo. 301 ; *Burnett v. Crandall*, 63 Mo. 410 ; *Loomis v. Robinson*, 76 Mo. 488. The same is true with respect to a note or other entire debt. *Beardslee v. Morgner*, 73 Mo. 23. These cases all proceed upon the theory that the debtor does not consent to the division of the debt, or to the payment of it in parcels. If he sees fit, he may waive his right to resist payment in fractions. He may consent to the partial assignment, and if he does he ought not to be heard to complain. The statement of the off-set filed with the justice to which this assignment was attached only claimed an interest of five hundred dollars in the note sued upon in this case. The defendant here not only failed to resist the off-set, but appeared and acknowledged it to be correct. He must be taken to have given his assent to the partial assignment. By the operation he paid four hundred and fifty dollars with a demand of two hundred dollars, and now seeks to avoid on the same ground the payment of nine or ten thousand dollars. This he should not be permitted to do.

The judgment of the court of appeals, reversing that of the circuit court, is affirmed. All concur.