CHRISTINA ANZER and DEBORD COMPANY, Appellants, v. HUMES-DEAL COMPANY.—58 S. W. (2d) 962.

Division One, March 16, 1933.

*Stout & Spencer* for appellants.

434

*Carter, Jones & Turney* and *George A. McNulty* for respondent.

STURGIS, C.—The plaintiff Christina Anzer is the widow of John A. Anzer, deceased, who lost his life while in the employ of the other plaintiff, DeBord Company, and they jointly brought this suit to recover damages in the sum of ten thousand dollars on account of his death caused, as charged, by the negligence of the defendant. The cause of action is primarily based on Section 3263, Revised Statutes 1929, relating to death by wrongful act, and the amount of damages recoverable is fixed, not exceeding ten thousand dollars, by Section 3264, Revised Statutes 1929, as is the person who can recover therefor, as such section is modified by the provisions of the Workmen's Compensation Act, now Section 3299, Revised Statutes 1929 et seq., which, it is claimed, gives the widow and employer a joint right of action under the facts here. The case in the trial court rode off on defendant's demurrer to the evidence, which perhaps went to the petition as well as to the evidence, and we need not state the facts *in extenso*. The plaintiffs, on the court sustaining the demurrer, took an involuntary nonsuit with leave to move to set the same aside, and, being unsuccessful on such motion, have appealed here.

The facts, briefly, are that John A. Anzer lost his life while working as a plumber in the erection of the Missouri Pacific Building in St. Louis. The defendant had the general contract for and general charge of the erection of that building and had erected and was operating an elevator used by the workmen in general in going up and down from one story to another in the course of their work. It is alleged that this elevator had certain negligent defects and was being negligently operated by the operator in charge when the deceased attempted to ride the same and take with him certain tools used in his work in going from a lower to a higher floor, and that while so doing he fell or was thrown from the elevator and killed by reason of these defects and the negligence of the operator of the elevator. It is not questioned but that the petition states a cause of action for the plaintiff, Christina Anzer, as widow of the deceased, under the statute mentioned giving a cause of action for death caused by a wrongful or negligent act, and the evidence sustains same unless it be that the deceased was guilty of contributory negligence, which is set up by the answer as a defense.

The petition further alleges that deceased, John A. Anzer, was at the time of his death in the employ of the other plaintiff, DeBord

Company, an independent contractor with the owner of the building, and lost his life in the course of his employment, and thereby said DeBord Company became and is liable to pay compensation for his death under the Workmen's Compensation Act. For that reason the DeBord Company joined with the widow as plaintiff herein. The defendant's answer then sets up the fact that not only was the DeBord Company liable to pay compensation for John A. Anzer's death, but that his widow, the other plaintiff, had applied for and received an award of compensation for her husband's death amounting in the aggregate to $9834, and that same was being paid by the Hartford Accident & Indemnity Company, and that such Accident Company was the real and only party interested. The reply then disclosed that the award of compensation to the widow, plaintiff herein, was $20 per week for 484.2 weeks and that at the time of the trial of this case she had actually received $2060. There is no dispute as to any of these facts or as to any fact of the case except as to the alleged contributory negligence of the deceased.

According to a memorandum made by the learned trial judge, the demurrer was sustained on the ground that the parties plaintiff do not have a joint cause of action, the widow's cause of action, if any, being based solely on the statute covering death by wrongful act and independent of the Workmen's Compensation Act, and the De-Bord Company's action, if any, being based on the provisions of the Workmen's Compensation Act, Section 3309, giving it a right of action against the negligent third party by way of subrogation. The trial judge said: "While there is authority in some states tending to support the theory of plaintiffs as to the right to sue jointly, the weight of the authority is to the contrary, and it is not believed that under the statutes of Missouri, in the absence of further legislation, such action can be maintained under our Damage Act."

In this court the defendant seeks to justify the action of the trial court on three "points and authorities," to-wit: (1) The widow, Christina Anzer, was not a proper party plaintiff; (2) The employer, DeBord Company, was not a proper party plaintiff; and (3) there is a misjoinder of parties plaintiff.

This case was disposed of in the trial court and the appeal granted here in May, 1930. In its brief filed here defendant frankly admits that the St. Louis Court of Appeals, in McKenzie v. Missouri Stables, 225 Mo. App. 64, 34 S. W. (2d) 136, and in Superior Minerals Co. v. Missouri Pacific Railroad Co. (Mo. App.), 45 S. W. (2d) 912, both decided after the appeal herein was taken, construed Section 3309, Revised Statutes 1929, of the Workmen's Compensation Act contrary to its contentions.

In the McKenzie case, supra, the court directly held that the injured *employee*, or his dependents in case of death, could maintain an action for damages against a negligent third person causing the

injury, notwithstanding his employer was liable and actually paying him compensation under the Workmen's Compensation Act; and held, *arguendo*, that such employer, or both combined, could maintain such action.

This holding received approval in Langston v. Selden-Breck Const. Co. (Mo. App.), 37 S. W. (2d) 474, 477, where the court said: "But appellant argues that, even if the above conclusion be reached (that defendant was a negligent third person within the meaning of Section 3309, R. S. 1929), plaintiff (injured employee) was nevertheless not entitled to prosecute this action against it, because his immediate employer, A. D. Gates Construction Company, was subrogated by operation of Section 3309, Revised Statutes 1929, to the common-law right of action which arose by reason of plaintiff's injuries, that the employer alone could prosecute such action, and that the mere fact that neither the employer nor its insurer had paid compensation to plaintiff, did not authorize him to maintain the suit. Suffice it to say that, while this question was a live one at the time of the presentation of the briefs and the submission of the case in this court, it has since been determined in McKenzie v. Missouri Stables, supra, that Section 3309, Revised Statutes 1929, does not preclude the injured employee as a real party in interest from bringing an action at common law against the negligent third party responsible for his injuries. Plaintiff was therefore a proper party to bring this action."

In the Superior Minerals Company case, supra, that court held directly that the *employer,* under such facts, could maintain the action for damages against such negligent third party by way of subrogation under Section 3309, Revised Statutes 1929. That was a case for damages for death arising under the wrongful death statute (Sec. 3263, R. S. 1929), as is the case here. See, also, on this point Wilhelm v. Hersh (Mo. App.), 50 S. W. (2d) 735, where the party injured, his employer, and the insurer were all parties plaintiff. To the same effect is Sylcox v. National Lead Co. (Mo. App.), 38 S. W. (2d) 497, 501.

It is not contended here that the defendant is not a negligent third party within the meaning of Section 3309, Revised Statutes 1929, as the employer, DeBord Company, was not a contractor, independent or otherwise, under this defendant.

 In the recent case of General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S. W. (2d) 442, we considered the questions here presented and cited with approval the opinions of the St. Louis Court of Appeals, supra, saying: "Our courts have held that while the Workmen's Compensation Act deprives the injured employee, or his dependents in case of death, of the right to maintain a suit based on negligence against his employer when such act applies, the compensation allowed being exclusive (Pfitzinger v. Shell Pipe

Line Corp. (Mo. App.), 46 S. W. (2d) 955, 958), yet the right of such *employee* to sue and recover against the negligent third party remains unimpaired by such act. (Citing the McKenzie case, the Superior Minerals Company case, and the Sylcox case, supra.) This statute further provides that in the suit by the subrogated employer 'the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover.' Under these provisions of the statute, it is properly held that the *employer* takes over unimpaired the injured employee's whole cause of action against the negligent third party, defendant in this case, by statutory assignment rather than by subrogation, and, so far as the negligence of the third party is concerned, steps in the shoes of the injured employee. [Gayhart v. Monarch Wrecking Co. (Mo. App.), 49 S. W. (2d) 265.] . . . It thus appears that either the injured employee may bring his own action for damages against the negligent third party, or, if he declines or neglects to do so, then the subrogated employer liable for payment of compensation may bring such action, *or both such parties may join in such suit.*" That case is decisive of the questions presented here, other than contributory negligence, and we hold that the two plaintiffs here are entitled to maintain this action as coplaintiffs, and that the trial court erred in sustaining the demurrer on the grounds specified.

█ In contending that neither the plaintiff, widow of the injured employee, nor the employer, DeBord Company, can maintain this action, defendant says that the insurer, in this case the Hartford Accident & Indemnity Company, who was liable for and paying the compensation awarded, is the only party interested and the only party, if anyone, who can maintain this action. We are holding, however, that both the injured employee, or his dependents in case of death, and the employer have an interest in the cause of action against the negligent third person under Section 3309, Revised Statutes 1929. Answering this same contention in Superior Minerals Co. v. Missouri Pacific Railroad Co., supra, the court said: "Suffice it to say that Section 3309, Revised Statutes 1929, by its plain terms invests the employer with at least sufficient title to maintain the action. We are not saying that the insurer might not also have been a proper party plaintiff." Such insurer might properly be allowed to intervene in any such action in order to protect its rights. It did not do so here, but, on the contrary, has assigned its rights to the plaintiff widow. If the widow's right of action for her husband's death against the negligent third party is not taken away or impaired by the subrogation provision of Section 3309, Revised Statutes 1929, in favor of the employer, as we hold, then the employer's insurer stands in no different or better position in that respect than such

employer. And, as between the employer and his insurer, the statute just mentioned subrogates the employer, and not his insurer, to the right to maintain the action against the negligent third party. This contention is therefore overruled.

As to contributory negligence: While the right to recover compensation, as between the injured employee, or his dependents in case of death, and his employer, is in no wise dependent on negligence of the employer, or to be defeated by the contributory negligence of the employee, yet in an action by the employee or the employer, or both, against a negligent third party for such injuries, if the plaintiff's evidence conclusively shows as a matter of law that the injured person was himself guilty of negligence contributing to the injury for which damages are sought, no recovery can be had. Defendant's cited cases, Sheffer v. Schmidt, 324 Mo. 1042, 26 S. W. (2d) 592, and Phillips v. Railway (Mo. App.), 260 S. W. 766, and a host of other cases so hold. This question was not considered by the trial judge as the case did not reach that point. It has not received much attention in the briefs or argument here as each party has centered his attention on the legal propositions involved in the right of the plaintiffs to maintain this action, separately or jointly. We have, however, read the somewhat meager evidence as to how the accident happened, and it shows that the elevator in question was at the time in an unfinished condition, as was the building being erected, and was not being used as a passenger elevator, but only for the convenience of workmen and persons connected with the building operations. There were no doors guarding either the elevator or elevator shaft. According to the evidence of a fellow-workman, the deceased was using the elevator to convey himself and his working tools to a higher floor of the building; that on entering the elevator and placing some of the tools on the elevator floor he told the operator to wait as he had some more, and as he was backing off the elevator, then even with the floor, to get the other tools, the elevator was suddenly, and without warning, started upward without the operator looking or noticing the deceased's action or position. The defendant's contention is that it was negligence for deceased to back from the elevator floor to the floor of the room when he could have turned round so as to be able to see. It tended to show negligence for the operator of the elevator, when he was told that the deceased did not have all his tools in the elevator and was not ready to ascend, to start the elevator suddenly and without warning and without noticing the position of the deceased or what he was doing. Whether deceased was guilty of negligence in backing toward the edge of the elevator floor, from which he fell to his death, instead of turning round, was, we think, a question for the jury under the scant evidence of the record.

The result is that the judgment of the trial court is reversed and the cause remanded. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur, except *Hays, J.*, not voting, because not a member of the court at the time cause was submitted.