SUBSCRIBERS AT CASUALTY RECIPROCAL EXCHANGE BY BRUCE DODSON, ET AL., APPELLANT, v. KANSAS CITY PUBLIC SERVICE COMPANY, RESPONDENT.—91 S. W. (2d) 227.

Kansas City Court of Appeals.   March 2, 1936.

*Ellison & Dabbs* for appellant.

470

*Charles L. Carr* and *Mont T. Prewitt* for respondent.

REYNOLDS, J.—The plaintiff is a reciprocal insurance exchange. On October 24, 1930, it issued its policy of insurance with a $50 deductible clause to one of its members or subscribers, Raymond Teall, against damage by collision to a Stutz automobile owned by Teall.

On April 2, 1931, while said policy was in effect, said automobile was damaged by a collision with a street car claimed to have been negligently operated by defendant at the intersection of Thirtieth and Main Streets in Kansas City, Missouri. The amount of damage to the automobile is charged in the petition to have been $617.55. The plaintiff paid to Teall on account of such damage under the policy held by him the sum of $567.55.

On April 22, 1931, the plaintiff, after having paid said sum of $567.55 to the insured on account of damage to said automobile, notified the defendant that it claimed the right of subrogation under said contract of insurance and demanded payment of said sum from the defendant, which payment the defendant refused.

Thereafter, in September, 1931, the defendant, upon a consideration of $50, settled with Teall and took a release for all claims and rights of action under the policy.

Thereafter, on April 5, 1934, plaintiff instituted this suit against the defendant by filing the following petition against defendant in the circuit court of Jackson county at Kansas City (caption and signature omitted):

"Subscribers at Casualty Reciprocal Exchange is an interinsurance exchange organized and doing business under Article 11, Chapter 37, Revised Statutes of Missouri of 1929, and as such is and was at all times herein mentioned engaged in the business of insuring automobiles for its subscribers against damage to such automobiles from collision and other causes. Defendant, Kansas City Public Service Company, is a corporation organized under the laws of the State of Missouri, and is and was at all times herein mentioned engaged in the business of operating a street railway system in Kansas City, Missouri.

"Plaintiff further alleges that on October 24, 1930, it issued its Policy No. K-12495 to Raymond Teall, a subscriber at said Exchange, by the terms and conditions of which plaintiff insured and agreed to indemnify the said Raymond Teall against any and all loss and damage in excess of the sum of $50 resulting from collision and damage to a 1929 model Stutz Automobile, Motor No. 32016, and by the terms and conditions of said contract between the said Raymond Teall, owner of said Stutz Automobile, and the plaintiff, the plaintiff became and is subrogated to all rights, claims, demands, and causes of action against any third person liable for damage to said auto-

mobile upon payment of said damage to the said Raymond Teall by the plaintiff.

"Plaintiff further alleges that on or about April 2, 1931, while said Stutz Automobile was at or near the intersection of 30th Street and Main Street in Kansas City, Missouri, it was carelessly and negligently run into and struck by a street car owned, operated, and under control and management of the defendant, and as a direct result thereof said automobile was wrecked and damaged to the extent of $617.55; $567.55 of which damage was paid by plaintiff, and by virtue of payment of said sum by the plaintiff under its contract of insurance with the said Raymond Teall as hereinbefore alleged, plaintiff became and is subrogated to all the rights, claims, and demands and causes of action of the said Raymond Teall against the Kansas City Public Service Company accruing and arising from and by virtue of damage to said automobile as aforesaid.

"Plaintiff further alleges that the defendant's agents, servants and employees were careless and negligent in the operation and management of its street car in that the operator of said street car saw or by the exercise of ordinary care could have seen the Stutz Automobile upon and near said street car track, and in such close proximity thereto that it would be struck by said steet car in passing upon and along said track, and the said operator of defendant's street car knew or by the exercise of ordinary care could have known that said automobile was in a position of imminent peril and danger, and that the driver thereof was oblivious to said danger, or was in a position from which he could not extricate said automobile in time thereafter for the operator of defendant's street car by the exercise of ordinary care, with the appliances at hand, to have stopped said street car, or to have slackened the speed thereof and thereby safely avoided running into and striking said automobile and the damage to said automobile as hereinbefore alleged, all of which the agent and servant in charge of and operating defendant's street car negligently failed to do, and as a direct result of said negligence said automobile was wrecked and damaged as hereinbefore alleged.

"Plaintiff further alleges that on April 22, 1931, after it had expended said sum of $567.55 in repairing said automobile as a result of said damage the plaintiff notified the defendant of its claim and rights under said contract of insurance, and demanded payment of said sum from the defendant, which payment the defendant did and has refused.

"Wherefore, plaintiff prays judgment against defendant in the sum of five hundred sixty-seven dollars and fifty-five cents ($567.55)."

Thereafter, on May 31, 1934, the defendant filed its answer, which, omitting caption and signature, is as follows:

"Now comes the above named defendant, Kansas City Public Service Company and for its answer to the petition of plaintiff filed

herein, denied each and every allegation in said petition contained except as herein expressly admitted.

"Further answering, plaintiff's petition, defendant states that Raymond Teall, a subscriber at said exchange, mentioned in plaintiff's petition, executed a full, final and complete release on September 16, 1932, for the sum of fifty dollars ($50.00) to the Kansas City Public Service Company, its successors and assigns, from all actions, claims, and demands whatsoever for or on account of injuries received to his person and damages caused to his property, or either of them, and all other damages and specially as to any injuries or damages received by Raymond E. Teall on or about the second day of April, 1931, at or near 30th and Main Streets, Kansas City, Missouri, which are more fully set forth in plaintiff's above petition, No. 428810.

"Defendant attaches to, and makes a part hereof of its answer, a true and correct copy of the release aforesaid, and in addition thereto, defendant pleads as part of its answer a check for fifty dollars ($50) paid Raymond E. Teall by the Kansas City Public Service Company on or about September 16, 1932, in connection with the release aforesaid, and defendant, Kansas City Public Service Company further states that said Raymond E. Teall did accept said check in full payment of said release and endorsed said check and received fifty dollars ($50) on account thereof. Defendant further states that a true and correct copy of this aforesaid mentioned check for fifty dollars is also attached hereto and made a part of this answer.

"Wherefore, defendant Kansas City Public Service Company, having fully answered, prays that it be dismissed with its costs."

A copy of the release mentioned in the answer was filed as an exhibit with said answer.

Thereafter, on January 21, 1935, the plaintiff filed reply, which is, omitting caption and signature, as follows:

"Plaintiff for its reply to defendant's answer filed herein admits that Raymond Teall, a subscriber at Casualty Reciprocal Exchange, executed a release to the defendant for the sum of $50 and that he received in consideration thereof the sum of $50 from the defendant, and that said release recites among other things that—

" 'Know all men by these presents that Raymond E. Teall of 815 Huntington, Kansas City, Mo., for the sole consideration of the sum of Fifty and No/100 ($50.00) Dollars to him paid by the Kansas City Public Service Company, the receipt of which is hereby acknowledged, do hereby release and forever discharge the Kansas City Public Service Company, its successors and assigns from all actions, claims and demands, whatsoever for or on account of injuries received to the person and/or damages caused to the property of the signer or signers hereof, or either of them and all other damages,

and especially on or about the 2nd day of April, 1931, on the Independence Ave. line near 30th and Main, Kansas City, Mo.

"'It is expressly understood and agreed that said sum of Fifty and No/100 ($50.00) Dollars is full satisfaction of all damages sustained and is the sole consideration of this release and the consideration stated herein is contractual and not a mere recital; and all agreements and understandings between the parties are embodied and expressed herein.'

"Plaintiff alleges, however, that prior to the said release by the said Raymond Teall and the payment of said sum of $50 by the defendant to the said Raymond Teall the plaintiff had notified the defendant of the fact that it was subrogated to all of the rights of the said Raymond Teall against the defendant for damage to the automobile owned by the said Raymond Teall in excess of the amount of $50, and was the owner of and had an interest in said property damage claim as alleged in plaintiff's petition, and defendant had recognized and admitted the existence of plaintiff's said interest by negotiating with the plaintiff for settlement of said claim.

"Plaintiff further alleges that notwithstanding the fact that said release purports to be a full and complete settlement of all claims for damage growing out of the collision mentioned in plaintiff's petition it was known and understood by the defendant at the time said release was received by it and said sum of $50 paid to the said Raymond Teall that the said Raymond Teall was only interested in said claim to the extent of $50 damage to his automobile and whatever personal injuries and other property damage he might have sustained, and that it was not the intention of the said Raymond Teall to release the subrogation rights of this plaintiff.

"Wherefore, plaintiff prays judgment as in its petition."

Thereafter, on January 29, 1935, the defendant filed its motion for judgment on the pleadings, which, omitting caption and signature, is as follows:

"Now comes the above named defendant and states and shows to the court that defendant is entitled to a judgment in its favor based on the petition filed herein by plaintiff and the answer filed herein by defendant and the reply filed herein by plaintiff.

"Wherefore, defendant moves the court for judgment in its favor on the pleadings filed herein."

Upon a hearing of said motion, the court found the issues for the defendant and sustained the motion. Later, the plaintiff refusing to plead further, the court rendered judgment in favor of the defendant, from which, after an unsuccessful motion for a new trial, the plaintiff appeals.

The plaintiff's motion for new trial, omitting caption and signature, is as follows:

"Plaintiff moves the court to set aside its findings and judgment herein and. to grant plaintiff a new trial in the above entitled cause on the ground that the court erred in sustaining defendant's motion for judgment on the pleadings herein, and erred in rendering judgment in favor of the defendant herein."

The same, on hearing, was overruled by the court.

## OPINION.

The plaintiff assigns error on this appeal as follows:

"The court erred in sustaining defendant's motion for judgment on the pleadings, and thereby holding that the release procured by defendant from Raymond Teall after defendant had recognized plaintiff's subrogation rights and had negotiated with plaintiff for settlement barred plaintiff's subrogation rights."

We can only look to the record to ascertain what the court did and the ground on which its action was based. A mere assertion in the brief as to what ground its action was based upon cannot, without more, be accepted. [La Rue v. Bloch, 215 Mo. App. 501, 255 S. W. 321.]

The court rendered its judgment sustaining the motion and made a finding in general terms, and there is nothing in the record to show on what particular ground it based its judgment.

The petition discloses that an automobile owned by Raymond Teall, a subscriber and policy holder of plaintiff, was involved in a collision with one of the defendant's street cars, resulting in property damage to said automobile in the sum of $617.55; that, under a $50 deductible collision insurance policy issued by plaintiff as insurer to Raymond Teall as the .insured (under which Teall was insured against loss and damage to his said automobile from collision) it paid Teall the sum of $567.55, a part of the damages to the automobile arising from the collision; that plaintiff, as insurer, in its own name seeks to recover of defendant said sum of $567.55, so paid by it to the insured Raymond Teall, on the theory that, by virtue of said payment, it is subrogated to all of the rights, claims, demands, and causes of action of said Teall against the defendant on account of said damages to said automobile arising from said collision. The petition charges that plaintiff, after having made payment of said sum to Teall, notified defendant of such payment and of its right of subrogation under the contract of insurance with said Teall and made demand of payment of said sum of defendant and that defendant refused to make such payment.

The petition thus discloses that the plaintiff seeks to maintain an action in its own name for the recovery of less than the entire demand for damages to which Teall became entitled. In other words, it discloses that plaintiff by its petition has split a single cause of action in Teall's behalf and seeks to recover a part thereof in its own

name, without anywhere alleging that defendant consented thereto and without alleging any facts from which such consent might appear. It thus appears that plaintiff's petition upon its face fails to state a cause of action against the defendant.

There is nothing in defendant's answer from which such consent may be made to appear.

It is hardly necessary to add that the petition, so far as stating a cause of action is concerned, is not to be aided by anything stated for the first time in the reply.

The following propositions appear to be well settled in the law of this State:

(1) Upon the theory of subrogation, an insurer can maintain an action only in his own name to recover the amount of insurance paid to an insured under an indemnity contract of insurance, where it has paid the insured the full amount of the damage upon an assignable cause of action. [Pickett v. School District of Kansas City, 193 Mo. App. 519, 186 S. W. 533; Storts v. George, 150 Mo. 1, 51 S. W. 489; Cable v. St. Louis Marine Ry. & Dock Co., 21 Mo. 133; McLeland v. St. Louis Transit Co., 105 Mo. App. 473, 80 S. W. 30; Alexander v. Grand Avenue R. Co., 54 Mo. App. 66.]

(2) In instances where only a part of the damages have been paid by the insurer on an assignable cause of action, such cause of action can be maintained by the insurer in its name only where the defendant consents to the splitting of the cause of action. [Burnett v. Crandall, 63 Mo. 410; Fourth National Bank of St. Louis v. Noonan, 88 Mo. 372; Taylor v. Dollins, 205 Mo. App. 246, 222 S. W. 1040; McLeland v. St. Louis Transit Co., supra; Alexander v. Grand Avenue Ry. Co., supra.]

(3) In all other instances, suit must be brought in the name of the insured against the defendant third person who becomes a trustee for the insurer for the amount recovered in its behalf; and such insurer is not a necessary party to the action. [Anzer v. Humes-Deal Co., 332 Mo. 432, 58 S. W. (2d) 962; McKenzie v. Missouri Stables, 225 Mo. App. 64, 34 S. W. (2d) 136; Matthews v. Mo. Pac. Ry. Co., 142 Mo. 645, 44 S. W. 802; Fourth National Bank of St. Louis v. Noonan, supra; Cable v. St. Louis Marine Ry. & Dock Co., supra; Pickett v. School District of Kansas City, supra; McLeland v. St. Louis Transit Co., supra; Alexander v. Grand Avenue Ry. Co., supra; Poor v. Watson, 92 Mo. App. 89.]

(4) A cause of action legally assignable *in toto* cannot be assigned in part, either in law or in equity, without the consent of the debtor. [Burnett v. Crandall, supra; Storts v. George, supra; Taylor v. Dollins, supra; Pickett v. School District of Kansas City, supra; Cable v. St. Louis Marine Ry. & Dock Co., supra.]

(5) An unliquidated claim for damages arising out of a tort is not assignable either in law or in equity. [Beall v. Farmers' Ex-

change Bank, 76 S. W. (2d) 1098; State ex rel. Park National Bank v. Globe Indemnity Co., 332 Mo. 1089, 61 S. W. (2d) 733; Cable v. St. Louis Marine Ry. & Dock Co., supra; Pickett v. School District of Kansas City, supra; Taylor v. Dollins, supra; Storts v. George, supra; Burnett v. Crandall, supra.]

(6) In all cases where it appears either that the claim on which the cause of action is based is not assignable or that where assignable *in toto* it has been assigned in part only, the defendant or tortfeasor is not bound by such assignment, even though he has notice thereof, unless he consents thereto; and he has the right to discharge his liability by settlement with or without payment to the person in whom such claim originally arose as the owner thereof. (Same authorities above cited.)

In the case of the Fourth National Bank of St. Louis v. Noonan, supra, 88 Mo. 372, l. c. 377, the court said: "Now it has been held several times in this State that a judgment creditor cannot assign a part of the judgment, so as to be binding upon the debtor without his consent. The debtor has a right to pay the debt as a whole. He may settle with the creditor though he has notice of the assignment. As to him such partial assignment is invalid. [Love v. Fairfield, 13 Mo. 301; Burnett v. Crandall, 63 Mo. 410; Loomis v. Robinson, 76 Mo. 488.] The same is true with respect to a note or other entire debt. [Beardslee v. Morgner, 73 Mo. 23.]"

The doctrine thus applied to debts of a general nature applies equally to obligations arising in tort, for which one becomes liable to another.

(7) While the right of subrogation is not required to rest upon the express assignment of a cause of action in order to support a direct action by the assignee, yet facts must exist with respect to a legally assignable cause of action sufficient for an assignment to be implied by operation of law; and then the implication must extend to an assignment of the entire cause of action. [Loewenstein v. Queen Ins. Co., 227 Mo. 100, 127 S. W. 72; Anzer v. Humes-Deal Co., supra; McKenzie v. Missouri Stables, supra; Burnett v. Crandall, supra; Storts v. George, supra; Taylor v. Dollins, supra; Pickett v. School District of Kansas City, supra; Fourth National Bank of St. Louis v. Noonan, supra; Cable v. St. Louis Marine Ry. & Dock Co., supra; McLeland v. St. Louis Transit Co., supra; Alexander v. Grand Avenue Ry. Co., supra.]

The doctrine of the case of Underwriters at Lloyds Insurance Company v. Vicksburg Traction Co., 106 Miss. 244, relied upon by plaintiff, does not seem to be in line with the Missouri authorities and does not appear to be the law in Misosuri in so far, at least, as it may hold that more than one cause of action may spring from a single wrongful act. [Payne v. Bertman, 224 Mo. App. 690, 27 S. W. (2d) 28; Coy v. St. Louis & S. F. R. Co., 186 Mo. App. 408, 172

S. W. 446; Lamb v. St. Louis Cable & W. Ry. Co., 33 Mo. App. 489; Firemen's Insurance Company of Newark, N. J., v. Bremner, 25 Fed. (2d) 75; State ex rel. Park National Bank v. Globe Indemnity Co., supra.]

The doctrine of subrogation is a doctrine by which the equities of one are worked out through the legal rights of another; and the doctrine is to be applied only according to the dictates of equity, good conscience, and consideration of business policy and according to established legal rights. [Same authorities, supra.]

Tested by the rules of law above found and stated, it is more probable in this case that the trial court found that, upon the pleadings, the plaintiff was not entitled to recover and the defendant was, than that it found upon the mere grounds set up in plaintiff's assignment of error. At least, it could have so found and should have so found; and the plaintiff's point is not at all persuasive. It is not of sufficient scope fully to challenge the action of the court.

It is unnecessary to pass on other points raised in either brief. The judgment of the trial court should be and is affirmed. *Shain, P. J.,* and *Bland, J.,* concur.